**HAPPY HARBOR METHODIST HOME, INC.,** Appellant,

v.

**Melissa COWINS,** Appellee.

No. 01–94–01043–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 1995.

is that we quash the panel and start all over with a new panel.
. . . .
THE COURT: Court denies the Defense motion to quash.

John W. Lee, Houston, for appellant.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

## OPINION ON MOTION FOR REHEARING

OLIVER–PARROTT, Chief Justice.

We deny appellant's motion for rehearing, withdraw our previous opinion of June 15, 1995, and substitute this opinion in its place.

A jury found Happy Harbor Methodist Home's gross negligence a proximate cause of Melissa Cowin's physical injuries. Happy Harbor is a nonsubscriber to the Texas Workers Compensation Act. The jury awarded Cowins $157,500 in actual damages and $1,700 in punitive damages. In four points of error, Happy Harbor challenges the legal and factual sufficiency of evidence. In a fifth point of error, Happy Harbor alleges jury bias in awarding damages. We affirm.

On January 3, 1992, Happy Harbor hired Cowins to work as a nurse's aid at the Happy Harbor Methodist Home. On the morning of Friday, January 24, 1992, Cowins felt her arm "pop" while assisting an elderly lady from a wheelchair into a shower chair. This procedure normally required two people. However, on this particular day, Happy Harbor was shorthanded, so Cowins performed the task by herself. Cowins did receive assistance from another nurse's aid when transferring the elderly lady back to her wheelchair. Cowins later mentioned the "pop" to some co-workers whose advice was to "get used to it." Cowins reported the incident to the head nurse the next day after experiencing significant discomfort overnight. Cowins filled out an accident report and was put on light duty. Cowins later visited a doctor upon the advice of the head director of the home. After a few visits and therapy, Cowins was referred to another doctor who performed arthroscopic surgery on the shoulder in April 1992. Some time later, the doctor released Cowins for full duty. Happy Harbor offered to put Cowins back on full duty or on light duty. Cowins felt that she could not adequately perform either job, so she found another job in a preschool in August 1992. Cowins worked there until August 1993 when Cowins resigned and stayed home to care for her ill son. Cowins received semi-monthly payments from Happy Harbor following the accident until April 1993.

In its first four points of error, Happy Harbor contends that the evidence was legally and factually insufficient. Happy Harbor argues that the trial court erred in overruling Happy Harbor's motion for a new trial because the jury's answers to the actual damage elements were not supported by sufficient evidence and were so against the great weight and preponderance of the evidence as to be manifestly unjust. In addition, Happy Harbor argues that the jury's finding that Happy Harbor was guilty of gross negligence

was not supported by sufficient evidence and was so against the great weight and preponderance of the evidence as to be manifestly unjust.

■■■ Happy Harbor has neglected to include any citation of authority or discussion of the facts to support its sufficiency contention. The rules of appellate procedure require "such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." Tex.R.App.P. 74(f)(2). Happy Harbor does not provide us with argument that is sufficient to make its appellate complaint viable, and we will not perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Maranatha Temple, Inc. v. Enterprise Prods. Co.,* 893 S.W.2d 92, 106 (Tex.App.—Houston [1st Dist.] 1994, writ requested). We will not do the job of the advocate. *Id.* Further, failure to cite any authority to support a contention on appeal itself waives the contention. *Metzger v. Sebek,* 892 S.W.2d 20, 45 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

Accordingly, pursuant to Tex.R.App.P. 74(f)(2) and the two recent decisions by this Court, we overrule all four of Happy Harbor's insufficiency points of error.

■■■ In its fifth point of error, Happy Harbor contends that the trial court erred in overruling Happy Harbor's motion for new trial because the jury's answers to each of the actual damage elements show that the jury was motivated by factors other than the evidence. Happy Harbor argues that because the jury found actual damages of $157,-500 and only awarded $1,700 in punitive damages, the jury had already punished Happy Harbor in the actual damage phase and merely awarded token punitive damages. Happy Harbor argues that this denies it the protection of the "cap" on punitive damages contained in Tex.Civ.Prac. & Rem.Code Ann. § 41.007 (Vernon 1986), which provides that the amount of punitive damages awarded may not exceed the greater of four times the actual damages awarded or $200,000. Happy Harbor argues that there is no way of knowing what the amount of actual damages would have actually been and therefore it is

unknown whether there was a violation of § 41.007.

Without discussion or analysis, Happy Harbor cites *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10 (Tex.1994), to support its contention of jury bias in awarding actual damages. *Moriel* discussed a new standard of review for punitive damages. Happy Harbor argues jury bias in awarding actual, not punitive, damages. We overrule Happy Harbor's fifth point of error.

## MOTION FOR REHEARING

■ Relying on Tex.R.App.P. 83 and the supreme court's opinion in *Inpetco, Inc. v. Texas American Bank/Houston,* 729 S.W.2d 300, 300 (Tex.1987), Happy Harbor complains that we did not give it an opportunity to rebrief before we held that its first four points of error were waived due to briefing deficiencies.

Proper resolution of this contention requires us to recount the procedural history of this case. Happy Harbor's brief was originally due on November 18, 1994. On that date, Happy Harbor filed a motion to extend time to file the brief. That motion requested an extension until December 2, 1994, which this Court granted. Happy Harbor did not file a brief or motion to extend by that date. On December 7, 1994, the appellee filed a motion to dismiss for want of prosecution. Happy Harbor did not respond to this motion. On December 28, 1994, the appellee filed a supplemental motion to dismiss for want of prosecution. Happy Harbor did not respond to that motion either.

On January 2, 1995, this Court notified Happy Harbor that the case would be dismissed unless Happy Harbor filed a response within ten days. On January 5, this Court denied the appellee's original motion to dismiss for want of prosecution without considering the supplemental motion to dismiss. Because our January 5 order denying the appellee's motion to dismiss issued after the January 2 letter, on January 26 we gave Happy Harbor yet another ten days to file a response showing grounds for continuing the appeal. Happy Harbor then filed a second motion to extend time to file the brief. That motion requested an extension until January

27, 1995, which this Court granted. However, Happy Harbor did not file its brief until February 7, 1995.

We issued our original opinion in this case on June 15, 1995. Happy Harbor's motion for rehearing was therefore due on June 30, 1995. On July 3, 1995, Happy Harbor filed a motion for rehearing and a motion for leave to file an amended brief.

Happy Harbor's motion for rehearing sets out the standard of review for factual sufficiency, citing 11 recent opinions of this Court. Startlingly, however, the motion for rehearing does not refer to the record or make any attempt to explain *why* the jury's award of actual damages was either unsupported by the evidence or against the great weight and preponderance of the evidence.

Happy Harbor's reliance on *Inpetco* is misplaced. As the supreme court clarified in *Fredonia State Bank v. American Life Ins.*, 881 S.W.2d 279, 284 (Tex.1994), "an appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing." We see no reason to allow Happy Harbor to continue to file deficient pleadings. Accordingly, we overrule Happy Harbor's motion for rehearing.

We deny the motion for leave to file an amended brief. We deny appellee's motion for TEX.R.APP.P. 84 damages.

We affirm the judgment of the trial court.