TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00679-CV







Deborah Fay Wall, Appellant



v.



William Clifton Hall, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 17,569, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING








 Appellant, Deborah Fay Wall, appeals from an order denying her motion to modify
child support but granting appellee William Clifton Hall's motion. In one point of error, appellant
argues that the trial court erred by not including certain distributions appellee received from two
trusts in calculating his net resources when determining appellee's child support liability. We will
affirm the decision of the trial court.


BACKGROUND Appellant and appellee were divorced on August 21, 1991. As part of the divorce
decree, the court ordered that appellee pay support for the couple's child in the amount of $650
per month. In December 1995, appellant, seeking an increase in support, filed a motion to modify
that order. Appellee countered by moving to decrease his support obligations. In October 1997,
the trial court ordered a decrease in appellee's child support obligation.

 At the hearing on the motions, one of the primary issues was the amount and nature
of distributions that appellee received as a beneficiary of two spendthrift trusts under the control
of independent corporate trustees. The evidence made clear that the trust established by appellee's
mother (the "KVH Trust") produces no monthly income, and the trust established by appellee's
father (the "AJH Trust") periodically produces income to which appellee is entitled. The evidence
established that appellee had received infrequent distributions from the corpora of the trusts during
the marriage and during the period of time relevant to the child support issue. The distributions
received during the period of time relevant to the child support issue were used for personal
expenses, including $20,000 to $30,000 for legal fees in 1995. Distributions must be requested
from the trustee and reviewed by a trust committee, and the decision to make these distributions
lies solely within the discretion of the corporate trustees. Both appellee and the couple's child are
beneficiaries of both trusts with the same right to request distributions.

 The trial court stated in its findings of fact that appellee's average net resources for
the previous three years were approximately $29,000 per year, and that his net monthly resources
totaled $1,800 per month. In making these calculations the trial court did not include any amount
of money that appellee had received from the extraordinary distributions of corpus from either
trust, though it did include the regular distributions of income received from the AJH Trust and
appellee's employment income. Based on these calculations, the trial court denied appellant's
requested modification and granted the modification requested by appellee. Subsequently,
appellee's child support obligation was reduced to $356.00 per month.


DISCUSSION

 The Texas Family Code itemizes those things that a trial court should consider
when it calculates net resources for the purpose of determining child support obligations. See Tex.
Fam. Code Ann. § 154.062 (West 1996). The trial court is given broad discretion in setting and
modifying child support payments, and absent a clear abuse of discretion, the trial court's order
will not be disturbed on appeal. See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990);
Hollifield v. Hollifield, 925 S.W.2d 153, 155 (Tex. App.--Austin 1996, no writ). 

 Section 154.062 of the Family Code provides in part: 


(b) Resources include: . . . (5) all other income actually being received, including
severance pay, retirement benefits, pensions, trust income, annuities, capital gains,
social security benefits, unemployment benefits, disability and workers'
compensation benefits, interest income from notes regardless of the source, gifts
and prizes, spousal maintenance, and alimony.



Tex. Fam. Code Ann. § 154.062(b)(5) (West 1996). Appellant argues that "all other income
actually being received" includes distributions from the corpus of a trust if those distributions are
used personally by an obligor. Appellant concludes, then, that the trial court erred by not
including these amounts in its calculation of appellee's net resources because it was required to
do so. Although appellant does not appeal the amount of support ordered or expressly raise the
issue, her underlying contention apparently supposes the support ordered would have been greater
had the trial court taken appellee's additional resources into consideration. 

 Though appellant claims that extraordinary distributions from the corpus of a trust
are "income" as a matter of law for the purpose of determining an obligor's child support liability,
she cites no case law, statute, or other authority to support her contention in her half page
argument on this sole issue. Failure to cite any authority to support a contention on appeal waives
the contention and presents nothing for the appellate court to review. See Tex. R. App. P.
38.1(h); Happy Harbor Methodist Home, Inc. v. Cowins, 903 S.W.2d 884, 886 (Tex.
App.--Houston [1st Dist.] 1995, no writ). 

 Nevertheless, appellant argues that because a distribution from the trust corpus is
not a "return of principal or capital" (an item not properly included in the calculation of net
resources, see Tex. Fam. Code Ann. § 154.062(c)(1) (West 1996)), the distribution must be
income as to appellee. Appellant's argument begs the question. It may be true that the statute's
provision as to a "return of principal or capital" does not refer to a distribution from the corpus
of a trust, but instead refers to the return of principal or capital on a note, which is not a net
resource for child support purposes. See Farish v. Farish, 921 S.W.2d 538, 543 (Tex.
App.--Beaumont 1996, no writ). But it does not follow that such a distribution must therefore
be "income" under the statute.

 We think it clear that irregular and infrequent distributions from the corpus of a
trust which the obligor has no power to compel are not required to be included as income for the
purpose of determining an obligor's net resources under the child support guidelines. "Income"
from a trust traditionally consists of the return realized on the invested trust assets, such as interest
and dividends. Such "trust income" to an obligor is addressed by statute and should be included
in the calculation of an obligor's net resources. See Tex. Fam. Code Ann. § 154.062(b)(5) (West
1996). Extraordinary distributions of corpus, however, are not required to be included in the net
resources calculation. 

 This conclusion is further supported by other portions of the Family Code. For
example, where disbursement of the assets of a trust is discretionary, the court may order child
support payments from the income of the trust only, but not from the principal. See id.
§ 154.005(b). In other words, a court cannot compel trustees to satisfy the child support
obligations of their beneficiaries by using the trust corpus. 

 Our holding today does not preclude a trial court from considering extraordinary
distributions of the corpus of a trust when setting child support, especially when the distributions
are made on a regular basis and in a consistent amount. The Family Code permits the trial court
in its discretion to consider factors other than those enumerated by statute when determining an
individual's appropriate child support liability. See id. § 154.123. We simply hold under the facts
presented here that when calculating net resources, it is not mandatory for the trial court to
consider these extraordinary distributions from the trust corpus.


CONCLUSION

 Appellant's failure to cite authority presents nothing for the court to review. To
the extent she may have preserved the issue on the merits, we hold that the trial court did not err
in calculating appellee's net resources and did not abuse its discretion in setting child support. The
order of the trial court is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: February 11, 1999

Do Not Publish



the trial court taken appellee's additional resources into consideration. 

 Though appellant claims that extraordinary distributions from the corpus of a trust
are "income" as a matter of law for the purpose of determining an obligor's child support liability,
she cites no case law, statute, or other authority to support her contention in her half page
argument on this sole issue. Failure to cite any authority to support a contention on appeal waives
the contention and presents nothing for the appellate court to review. See Tex. R. App. P.
38.1(h); Happy Harbor Methodist Home, Inc. v. Cowins, 903 S.W.2d 884, 886 (Tex.
App.--Houston [1st Dist.] 1995, no writ). 

 Nevertheless, appellant argues that because a distribution from the trust corpus is
not a "return of principal or capital" (an item not properly included in the calculation of net
resources, see Tex. Fam. Code Ann. § 154.062(c)(1) (West 1996)), the distribution must be
income as to appellee. Appellant's argument begs the question. It may be true that the statute's
provision as to a "return of principal or capital" does not refer to a distribution from the corpus
of a trust, but instead refers to the return of principal or capital on a note, which is not a net
resource for child support purposes. See Farish v. Farish, 921 S.W.2d 538, 543 (Tex.
App.--Beaumont 1996, no writ). But it does not follow that such a distribution must therefore
be "income" under the statute.

 We think it clear that irregular and infrequent distributions from the corpus of a
trust which the obligor has no power to compel are not required to be included as income for the
purpose of determining an obligor's net resources under the child support guidelines. "Income"
from a trust traditionally consists of the return realized on the invested trust assets, such as interest
and dividends. Such "trust income" to an obligor is addressed by statute and should be included
in the calculation of an obligor's net resources. See Tex. Fam. Code Ann. § 154.062(b)(5) (West
1996). Extraordinary distributions of corpus, however, are not required to be included in the net
resources calculation. 

 This conclusion is further supported by other portions of the Family Code. For
example, where disbursement of the assets of a trust is discretionary, the court may order child
support payments from the income of the trust only, but not from the principal. See id.
§ 154.005(b). In o