Affirmed and Memorandum Opinion filed December 10, 2009. 

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00306-CV



 

In the Interest of C.W., Jr.,
I.S., E.R., and D.G.

 



On Appeal from the 306th
District Court

Galveston County, Texas

Trial Court Cause No. 08CP0026



 

MEMORANDUM  OPINION

 

Appellant Jessica Stevenson appeals a final order
terminating her parental rights to her child D.G.[1] 
After a bench trial, the trial court (1) appointed the Texas Department of
Family and Protective Services (“DFPS”) as sole managing conservator of
appellant’s four children, C.W. Jr., I.S., E.R., and D.G.; and (2) involuntarily
terminated the parent-child relationship between appellant and D.G.  In four
issues, appellant argues that (1) she received ineffective assistance of
counsel; (2) the trial court’s judgment exceeded the scope of the pleadings;
(3) the evidence was legally and factually insufficient to prove that appellant
knowingly placed or knowingly allowed D.G. to remain in conditions or surroundings
which endangered her physical or emotional well-being; and (4) the evidence was
legally and factually insufficient to prove that termination of the
parent-child relationship between appellant and D.G. was in the best interest
of D.G.[2] 
We affirm.

Background

            Appellant is the
mother of four children: C.W., Jr., age six; I.S., age five; E.R., age three;
and D.G., age two.  DFPS received a referral on February 16, 2008, indicating
that D.G., who was two months old at the time, had shaken baby syndrome.  D.G.
was admitted to the hospital for treatment of fractures to her ribs, femurs,
right proximal tibia, distal humeri, radii, and ulnas.  Medical personnel also
placed a shunt in D.G.’s head to drain fluid from her brain to her stomach.

An investigator from DFPS spoke with appellant and D.G.’s
father at the hospital.  Neither appellant nor D.G.’s father could explain how
D.G. sustained these injuries.  As a result, DFPS conducted a voluntary placement
of appellant’s four children.  C.W., Jr., I.S., and E.R. were placed with a
neighbor, and D.G. was placed with her paternal grandmother.    

            DFPS filed a
petition seeking to terminate the parent-child relationship between appellant
and her four children on March 10, 2008.[3]  
A bench trial was held on February 9, 2009.  On March 3, 2009, the trial court signed
two final orders:  (1) a Final Order in Suit Affecting the Parent-Child
Relationship appointing DFPS as sole managing conservator of all four children;
and (2) an Order of Termination terminating the parental rights of the
children’s fathers and appellant as to D.G.  The trial court found that (1)
appellant “knowingly placed or knowingly allowed [D.G.] to remain in conditions
or surroundings which endanger the physical or emotional well-being of [D.G.];”
and (2) termination of the parent-child relationship between appellant and D.G.
was in the best interest of D.G.  

Based on the March 3, 2009 Order of Termination date,
appellant’s notice of appeal was due to be filed by March 25, 2009 and her statement
of points on appeal was due to be filed by March 18, 2009.  See Tex. R.
App. P. 26.1; Tex. Fam. Code Ann. § 263.405(b) (Vernon 2009).[4]
 Appellant’s trial counsel was “removed from [this case]” and appellate counsel
was appointed to represent appellant in an order signed on March 5, 2009.[5] 
Trial counsel did not file a notice of appeal or statement of points on appeal
before he was removed.  Appellant’s appellate counsel filed a notice of appeal
and statement of points on March 27, 2009.[6]    
      

Analysis

Appellant presents four issues on appeal.  As a
threshold matter, DFPS argues that appellant preserved no issues for appeal
because she failed to timely file a statement of points as required under Texas
Family Code section 263.405(b), (i).  

I.         Texas Family
Code Section 263.405

            Section 263.405’s
requirements are a procedural prerequisite to an appellate court’s authority to
consider the issues presented.  In re J.O.A., 262 S.W.3d 7, 16 (Tex.
App.—Amarillo 2008), aff’d as modified and remanded, 283 S.W.3d 336
(Tex. 2009).  Section 263.405(b) requires an appellant to file “a statement of
the point or points on which the party intends to appeal” not later than 15 days
after the date on which a final termination order is signed.  Tex. Fam. Code
Ann. § 263.405(b).  The Family Code further provides in section 263.405(i)
that an “appellate court may not consider any issue that was not specifically
presented to the trial court in a timely filed statement of the points on which
the party intends to appeal or in a statement combined with a motion for new
trial.”  Id. § 263.405(i).  

            Appellant failed
to timely file a statement of points on appeal or motion for new trial.  The
trial court signed its Order of Termination on March 3, 2009, and appellant did
not file her statement of points until March 27, 2009 — after the 15-day
deadline had passed.  Therefore, we cannot consider appellant’s arguments
regarding whether (1) the trial court’s judgment exceeded the scope of the
pleadings; (2) the evidence was legally and factually sufficient to prove that
appellant knowingly placed or knowingly allowed D.G. to remain in conditions or
surroundings which endangered her physical or emotional well-being; and (3) the
evidence was legally and factually sufficient to prove that termination of the
parent-child relationship between appellant and D.G. was in the best interest
of D.G.  See id. § 263.405(b), (i); Bermea v. Tex. Dep’t of
Family & Protective Servs., 265 S.W.3d 34, 38 (Tex. App.—Houston [1st
Dist.] 2008, pet. denied).[7]

            We overrule
appellant’s second, third, and fourth issues.         

II.        Ineffective
Assistance of Counsel

Failure to file a statement of points on appeal under
section 263.405(i) does not preclude an appellate court from reviewing an
ineffective assistance of counsel claim.  In re J.O.A., 283 S.W.3d 336, 339
(Tex. 2009).  We review ineffective assistance claims in termination cases under
the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). 
See In re M.S., 115 S.W.3d 534, 545 (Tex. 2003).  

Under Strickland, an appellant must establish
that (1) trial counsel’s representation was deficient; and (2) the deficient
performance was so serious that it deprived the appellant of a fair trial.  Strickland,
466 U.S. at 687; In re M.S., 115 S.W.3d at 545.  To establish these
prongs, the appellant must establish by a preponderance of the evidence that
(1) counsel’s representation fell below the objective standard of prevailing
professional norms; and (2) there is a reasonable probability that, but for
counsel’s deficiency, the result of the proceeding would have been different.  Strickland,
466 U.S. at 690-94.  A reasonable probability is one sufficient to undermine
confidence in the outcome of the trial.  Id. at 694.  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  In re K.K., 180
S.W.3d 681, 685 (Tex. App.—Waco 2005, no pet.).  

            Appellant argues
that her trial counsel was ineffective because he failed to (1) file documents
on her behalf; (2) preserve error on objections; (3) object to proposed
exhibits; (4) prepare appellant to testify; (5) call any witnesses or issue any
subpoenas; (6) clarify a purported agreement for the record; and (7) timely file
a notice of appeal and statement of points on appeal.   

Appellant provides no argument or authority
supporting her first six claims of ineffective assistance of counsel.  Briefs
must contain clear and concise arguments for the contentions made and include
citations to authorities and the record.  See Tex. R. App. P. 38.1(h). 
If an appellant fails to advance a viable argument on appeal with citations to
appropriate authority, an appellate court is not required to independently
review the record and applicable law to determine whether the alleged error
occurred.  See In re C.M.C., 273 S.W.3d 862, 878 n.9 (Tex. App.—Houston
[14th Dist.] 2008, no pet.) (op. on reh’g); Lundy v. Masson, 260 S.W.3d
482, 503 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); see also Happy
Harbor Methodist Home, Inc. v. Cowins, 903 S.W.2d 884, 886 (Tex. App.—Houston
[1st Dist.] 1995, no writ).  Appellant waives any issue that she fails to brief
adequately.  See Swearingen v. State, 101 S.W.3d 89, 100 (Tex. Crim.
App. 2003).    

Appellant makes broad conclusory assertions that her
trial counsel’s performance was deficient.  But appellant does not identify the
specific actions that she attacks.  Regarding trial counsel’s asserted failure
to object and preserve error on objections, appellant fails to identify the
specific objections that should have been made.  Appellant also fails to
identify the (1) “counterpleadings” or “counterclaims” that she contends trial
counsel should have filed; (2) witnesses trial counsel should have called; and (3)
testimony that would have been given.  Appellant also asserts that her trial
counsel failed to present a purported agreement to the court but fails to
identify the terms of the purported agreement.  Further, appellant failed to
advance any argument showing that she was harmed by these alleged deficiencies.


Appellant failed to adequately brief these claims on
appeal; therefore, they are waived.  See Tex. R. App. P. 38.1(h); Swearingen,
101 S.W.3d at 100; see also Ex parte Martinez, 195 S.W.3d 713, 730
n.14 (Tex. Crim. App. 2006) (failure to advance any legal or factual arguments
regarding how counsel’s alleged failures harmed appellant authorized court to
deny relief based on briefing waiver); Bessey v. State, 199 S.W.3d 546,
555 (Tex. App.—Texarkana 2006), aff’d, 239 S.W.3d 809 (Tex. Crim. App.
2007) (appellant inadequately briefed and, therefore, waived claim of
ineffective assistance of counsel because he advanced no arguments
demonstrating prejudice); Nguyen v. Kosnoski, 93 S.W.3d 186, 188 (Tex.
App.—Houston [14th Dist.] 2002, no pet.).

In her seventh point, appellant argues that her trial
counsel rendered ineffective assistance because he failed to timely file a
notice of appeal and statement of points on appeal.  Appellant’s appellate
counsel filed a motion for extension of time to file the notice of appeal, and
we granted it.  Therefore, appellant was not prejudiced by trial counsel’s
alleged failure to file a notice of appeal.  Because there was no prejudice
under Strickland’s second prong, we need not address whether trial
counsel’s failure to file the notice of appeal timely was deficient.  See
Strickland, 466 U.S. at 697.

With respect to the failure to file a timely
statement of points on appeal, we conclude that appellant has not satisfied Strickland’s
first prong.  

Appellant cites In re J.O.A., 283 S.W.3d at 343-44,
to support her argument that trial counsel’s failure to file a timely statement
of points on appeal constitutes ineffective assistance of counsel.  In In re
J.O.A., Timothy M. alleged his trial counsel was ineffective for failing to
timely file a statement of points as required under section 263.405(b),
(i).  Id. at 339.  The trial court signed an order terminating Timothy’s
parental rights as to two of his children on February 16, 2007.  Id. at
340.  Timothy’s trial counsel filed a notice of appeal and a motion to withdraw
on February 22, 2007.  Id.  The trial court did not rule on the motion to
withdraw and did not appoint Timothy’s appellate counsel until after the 15-day
deadline to file a statement of points on appeal had expired.  Id.    Timothy
still was represented by his trial counsel when the 15-day deadline passed.  Id.
at 343.  The Texas Supreme Court concluded that trial counsel’s failure to file
a statement of points on appeal constituted ineffective assistance.  Id. 


Unlike In re J.O.A., appellant’s trial counsel
was removed from the case and appellate counsel was appointed 13 days before expiration
of the 15-day deadline.  Appellate counsel received notice via facsimile of her
appointment on the same day the order was signed.  Relying upon In re J.O.A.,
appellant nonetheless asserts that the burden of filing a statement of points
on appeal fell on trial counsel.  See id. at 344 (“Given the accelerated
timetable, the burden [of filing a statement of points on appeal] should
logically fall on trial counsel . . . .”).  

This statement from In re J.O.A., which arose
in circumstances involving trial counsel who had not withdrawn as of the
deadline, cannot be applied mechanically to the circumstances here.  In this
case, trial counsel was “removed” and appellate counsel was appointed 13 days
before the deadline ran.  Appellant argues that appellate counsel did not
participate at trial, and trial counsel “would have been the one with the
knowledge necessary to cover all the issues that needed to be preserved for
appeal[.]”  This argument is unavailing.  If appellant’s new counsel needed
extra time to prepare a statement of points on appeal, new counsel could have
requested an extension of time to file the statement of points under Texas Rule
of Civil Procedure 5 before the 15-day deadline expired.  Tex. R. Civ. P. 5; see
In re S.N., No. 11-08-00293-CV, 2009 WL 2209863, at *3 (Tex. App.—Eastland
July 23, 2009, no pet.) (“If [appellate] counsel needs a reporter’s record to
prepare a statement of points, the trial court has the authority to extend the
Section 263.45(b) fifteen-day deadline.”).  

We conclude that appellant’s trial counsel did not
fall below the objective standard of prevailing professional norms by failing
to file a statement of points in a case in which he was removed as counsel two
days after the Order of Termination at issue was signed, and appellate counsel
simultaneously was appointed.  

Based on the record before us, appellant has failed
to satisfy Strickland’s first prong with respect to trial counsel’s
failure to file a statement of points on appeal.  Strickland, 466 U.S.
at 687; In re M.S., 115 S.W.3d at 545.  Nonetheless, even if appellant could
satisfy Strickland’s first prong, she cannot satisfy Strickland’s
second prong with respect to demonstrating “that counsel’s deficient
performance prejudiced” her.  Strickland, 466 U.S. at 687.  

Appellant contends that she was prejudiced by her
trial counsel’s failure to timely file a statement of points on appeal because
her appellate points were meritorious.  We disagree.

Appellant first contends that the trial court
exceeded the scope of the pleadings in terminating appellant’s parental rights
as to D.G.  Appellant argues that DFPS abandoned its pleadings regarding
termination of appellant’s parental rights as to her children pursuant to a
purported agreement or stipulation between DFPS and appellant.  Under Texas Rule
of Civil Procedure 11, “no agreement between attorneys or parties touching any
suit pending will be enforced unless it be in writing, signed and filed with
the papers as part of the record, or unless it be made in open court and
entered of record.”  Tex. R. Civ. P. 11.  The only agreement complying with
Rule 11 in this case is between DFPS and one of the children’s fathers. 
Further, DFPS’s live pleading in this case was its second amended petition in
which DFPS sought termination of appellant’s parental rights if reunification
could not be achieved.  Therefore, appellant’s second issue would not have been
meritorious.  

Appellant next challenges the legal and factual sufficiency
of the evidence supporting the trial court’s findings that (1) appellant knowingly
placed or knowingly allowed D.G. to remain in conditions or surroundings which
endangered her physical or emotional well-being; and (2) termination of the
parent-child relationship between appellant and D.G. was in the best interest
of D.G.  

Parental rights can be terminated only upon proof by
clear and convincing evidence that (1) the parent has committed an act
prohibited by section 161.001(1) of the Family Code, and (2) termination is in
the best interest of the child.  Tex. Fam. Code Ann. § 161.001(1), (2)
(Vernon 2009); In re J.O.A., 283 S.W.3d at 344.  Clear and convincing
evidence is “proof that will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be
established.”  Id. § 101.007 (Vernon 2009).  

In reviewing legal sufficiency in a parental
termination case, we must consider all evidence in the light most favorable to
the finding to determine whether a reasonable factfinder could have formed a
firm belief or conviction that its finding was true.  In re J.O.A., 283
S.W.3d at 344; In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).  We assume
that the factfinder resolved disputed facts in favor of its finding if a
reasonable factfinder could do so, and we disregard all evidence that a
reasonable factfinder could have disbelieved.  In re J.O.A., 283 S.W.3d
at 344; In re J.F.C., 96 S.W.3d at 266.            

In reviewing termination findings for factual
sufficiency, we consider and weigh all of the evidence.  In re J.O.A.,
283 S.W.3d at 345; In re J.F.C., 96 S.W.3d at 266.  But we give due
deference to the factfinder’s resolution of factual questions.   In re C.H.,
89 S.W.3d 17, 27 (Tex. 2002).  We then determine whether the evidence is such
that a factfinder could reasonably form a firm belief or conviction about the
truth of the allegations against the parent.  In re J.O.A., 283 S.W.3d at
345; In re J.F.C., 96 S.W.3d at 266.  

Appellant first challenges the legal and factual
sufficiency of the evidence supporting the trial court’s termination of her
parental rights as to D.G. under Family Code section 161.001(1)(D).  Section
161.001(1)(D) permits a trial court to terminate a parent-child relationship if
it finds by clear and convincing evidence that a parent “knowingly placed or knowingly allowed the child to remain
in conditions or surroundings which endanger the physical or emotional
well-being of the child.”  Tex. Fam. Code. Ann. § 161.001(1)(D).  “Endanger”
means “to expose to loss or injury, to jeopardize.”  Tex. Dep’t of Human
Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987).  

Subsection (D) concerns the child’s living
environment, rather than the parent’s conduct.  In re S.M.L., 171 S.W.3d
472, 476 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  But parental conduct
is relevant to the child’s environment.  Id.; In re J.T.G., 121
S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.).  Although the parent need
not have actual knowledge that an injury is occurring, the parent must be aware
of the potential for danger to the child in the environment and must have
disregarded that risk.  In re C.L.C., 119 S.W.3d 382, 392 (Tex. App.—Tyler
2003, no pet.).  Living conditions that are merely “less-than-ideal” do not
support a finding under this section.  Boyd, 727 S.W.2d at 533.  Endangerment
can be exhibited both by actions and failures to act.  In re U.P., 105
S.W.3d 222, 233 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  Abusive or violent conduct by a parent or other resident of
a child’s home may produce an environment that endangers the physical or
emotional well-being of a child.  In re A.S., 261 S.W.3d 76, 84 (Tex.
App.—Houston [14th Dist.] 2008, pet. denied). 

Appellant admits that D.G.
suffered physical harm, but argues that the evidence is unclear regarding how
D.G. sustained her injuries and who caused them.  This argument is irrelevant
to termination under section 161.001(1)(D).  See In re S.M.L.,
171 S.W.3d at 476; In re C.L.C., 119 S.W.3d at 392.  The record here
demonstrates that D.G. was exposed to injury and was in fact subjected to
severe physical injuries.  

Appellant argues that she
was unaware of D.G.’s injuries before the diagnosis of shaken baby syndrome,
and that she voluntarily removed D.G. from the harmful environment upon
learning of D.G.’s injuries.  D.G. was two months old when DFPS removed her
from appellant’s care.  Before removal, D.G. lived with and was cared for by
appellant and D.G.’s father.  D.G.’s father had assaulted appellant in the past
and appellant had witnessed D.G.’s father being “heavy handed” with D.G. and
her other children.  Appellant also noted that D.G.’s father would get
frustrated with the children and that she “could see him getting [violent].”  

The evidence at trial
demonstrated that D.G. had sustained fractures to her ribs, femurs, right
proximal tibia, distal humeri, radii, and ulnas.  Some of these fractures were
determined to be six weeks old.  The evidence also showed that, for two weeks before
receiving treatment, D.G. was crying most of the time, not eating, and screamed
when she was picked up and put down.    

This evidence is sufficient
to allow the trial court to form a firm belief or conviction that appellant knowingly
placed or knowingly allowed D.G. to remain in conditions or surroundings which
endangered her physical or emotional well-being.  See In re J.O.A., 283
S.W.3d at 344-45; In re J.F.C., 96 S.W.3d at 266.  Therefore,
appellant’s third issue would not have been meritorious.  

Appellant also challenges the legal and factual
sufficiency of the evidence supporting the trial court’s finding that
termination of her parental rights as to D.G. was in the best interest of D.G. 
We consider the following factors in determining whether termination of the
parent-child relationship is in the best interest of the
child: (1) the child’s desires; (2) the child’s emotional and physical needs
now and in the future; (3) the emotional and physical danger to the child now
and in the future; (4) the parental abilities of the individuals seeking
custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by
these individuals or by the agency seeking custody; (7) the stability of the
home or proposed placement; (8) the acts or omissions of the parent which may
indicate that the existing parent-child relationship is not proper; and (9) any
excuse for the acts or omissions of the parent.  Holley v. Adams, 544
S.W.2d 367, 371-72 (Tex. 1976); In re C.M.C., 273 S.W.3d 862, 876 (Tex.
App.—Houston [14th Dist.] 2008, no pet.).  “Best interest” does not require proof of any unique set of
factors, and it does not limit proof to any specific factors.   In re S.M.L.,
171 S.W.3d 472, 480 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  The same
evidence of acts or omissions used to establish a ground for
termination under section 161.001(1) may be probative in determining the best interest of the child.  In re A.A.A., 265
S.W.3d 507, 516 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).  

At trial, the evidence demonstrated that, due to
D.G.’s injuries, she required 24-hour care.  D.G.’s paternal grandmother
testified that she did not think appellant and D.G.’s father were capable of
caring for D.G.’s physical or emotional needs.  Appellant offered no evidence
to show that she was able to provide a safe living environment for D.G. 
Rather, there was evidence that appellant and D.G.’s father were still living
together.  Appellant also failed to outline a permanent plan for caring for
D.G.  In contrast, DFPS presented evidence that D.G. was recovering from her
injuries and doing well in her placement with her paternal grandmother.  DFPS
also presented evidence that D.G.’s paternal grandmother wanted to continue to
care for D.G.  Further, appellant provided no excuse for her acts and omissions
relating to her care of D.G.  

There also was evidence at trial that appellant was
cooperative with DFPS and continued to provide for D.G. by supplying D.G.’s
paternal grandmother with items such as diapers, clothes, and medicine.  D.G.’s
paternal grandmother also testified that appellant interacted with D.G. well
and that she felt appellant should continue to have a relationship with D.G.   

After weighing all of the evidence, the evidence was sufficient to allow the trial court to
form a firm belief or conviction that termination of appellant’s parental
rights as to D.G. was in the best interest of D.G.  See In re J.O.A.,
283 S.W.3d at 344-45; In re J.F.C., 96 S.W.3d at 266.  Therefore, appellant’s fourth issue would not have been
meritorious.

Because the issues
identified for appeal would not have been meritorious, appellant cannot satisfy
Strickland’s second prong. 

We overrule appellant’s first issue.     

Conclusion

            We affirm the
trial court’s judgment.

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Chief Justice
Hedges, Justices Anderson and Boyce.









[1]
See Tex. R. App. P. 9.8 (requiring
alias name for child in parental-rights termination cases).

 





[2]
Appellant does not appeal the trial court’s order appointing DFPS as sole
managing conservator of appellant’s four children.  Therefore, only the trial
court’s March 3, 2009 Order of Termination as to Jessica Stevenson is addressed
in this appeal.





[3]
DFPS also sought termination of the parental rights of the children’s fathers. 
The trial court granted this request in its Order of Termination signed on
March 3, 2009.  The trial court’s termination of the parental rights of the
children’s fathers is not challenged in this appeal.





[4]
An appeal of a final order rendered under section 263.405 is an accelerated
appeal.  Tex. Fam. Code Ann. § 263.405(a).  In an accelerated appeal, a
party has 20 days after the judgment or appealable order is signed to file a notice
of appeal.  Tex. R. App. P. 26.1(b).  In this case, the 20-day deadline expired
on March 23, 2009, a Saturday.  Therefore, the period extended to March 25,
2009, the following Monday.  Tex. R. App. P. 4.1(a).





[5]
The court signed two orders removing appellant’s trial counsel and appointing
new counsel on appeal.  The trial court originally signed an order on March 4,
2009, removing appellant’s trial counsel and appointing Brenda Duschane as new
counsel on appeal.  The trial court signed a corrected order on March 5, 2009,
removing appellant’s trial counsel and appointing Marcela Ortiz-Taing as new
counsel on appeal.  Appellant’s appellate counsel received a copy of the
corrected order via facsimile on March 5, 2009.   





[6]
Appellant filed a motion to extend time to file notice of appeal on August 17,
2009.  We granted appellant’s motion in an order issued on August 27, 2009.





[7]
Appellant does not challenge section 263.405’s constitutionality.