Opinion issued March 8, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00223-CV

————————————

## MICHAEL (MIKHAIL) TYURIN, MD, PHD., Appellant

## V.

## CITIBANK, N.A., A SUBSIDIARY OF CITIGROUP, INC., Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 1075493**

---

## MEMORANDUM OPINION

This is an appeal from a final summary judgment dismissing all causes of action asserted by appellant, Dr. Michael (Mikhail) Tyurin, against Citibank, N.A. and granting Citibank's counterclaim for declaratory relief. Representing himself on appeal, Tyurin presents four issues. None justify a reversal because they are

either inadequately briefed or not tied to any purported error by the trial court. We therefore affirm.

**Background**

Dr. Michael (Mikhail) Tyurin sued Citibank, N.A. in the justice of the peace court, alleging fraud, theft, and breach of contract. Tyurin was the holder of two credit cards issued by Citibank. Tyurin's allegations all related to disputed charges which, he claimed, Citibank only partially refunded or erroneously failed to refund. He also asserted that several merchants had confirmed refunds for undelivered items he bought with the Citibank credit cards, yet the refunds never posted to his accounts. He further claimed that Citibank charged him unjustified interest and other fees. The justice court received evidence and ruled in favor of Citibank.

Tyurin appealed from the judgment of the justice court, alleging intentional infliction of emotional distress and fraud. In his appeal, Tyurin contended that, in retaliation for his original suit, Citibank "maliciously" blocked a transaction that Tyurin had attempted to make using one of his credit cards. He asserted that the attempted transaction was for medication prescribed to him to treat a medical condition, and that because he was unable to obtain the medication, he suffered a heart attack. Citibank filed a counterclaim for declaratory relief, requesting that it be allowed to close Tyurin's accounts. Tyurin alleged malicious prosecution based

on Citibank's counterclaim. Citibank moved for summary judgment on both traditional and no-evidence grounds.

The trial court granted Citibank's motions for summary judgment, dismissing all of Tyurin's claims. The trial court also granted Citibank's requested declaratory relief and declared that the bank could close Tyurin's accounts.

Tyurin appealed. We struck Tyurin's original appellate brief as noncompliant with Rules 9.4(i)(2)(B), 9.4(i)(3), 38.1(g), and 38.1(k) of the Texas Rules of Appellate Procedure. We ordered Tyurin to file a brief in compliance with the rules. Tyurin filed an amended brief.

**Analysis**

Although we liberally construe pro se pleadings and briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). "Having two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." *Wheeler*, 157 S.W.3d at 444. "Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank*, 573 S.W.2d at 185.

3

Appellants are required to present a brief that concisely states all issues for review and the facts pertinent to the issues presented, supported by references to the appellate record. TEX. R. APP. P. 38.1(f), (g). The brief also must include a clear and concise argument for each issue raised, with appropriate citations to legal authority and to the record. TEX. R. APP. P. 38.1(i). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error in the lower court. *See, e.g.*, *Maranatha Temple, Inc. v. Enter. Prods. Co.*, 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ denied). When any appellant fails to meet the procedural requirements for presenting issues on appeal, the issue is waived. *See, e.g.*, *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 322 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

Although Tyurin lists eleven issues in the "Issues Presented" section of his brief, he addresses four issues in the argument portion of his brief. In his first issue, Tyurin reiterates aspects of his complaint, alleging that in retaliation for the original suit, Citibank maliciously left him without "life-saving" medications, causing him to suffer irreversible physical harm. Because Tyurin does not identify any error or challenge the merits of the trial court's rulings, this court will not speculate as to what he may have intended to raise on appeal as an error by the trial court. *See Maranatha Temple*, 893 S.W.2d at 106.

In his second issue, Tyurin asserts that the trial court abused its discretion "under the 1st Amendment" by favoring Citibank throughout the pendency of the suit. He again argues that Citibank's conduct amounted to intentional infliction of emotional distress. Tyurin does not present any argument or identify any evidence in the record to suggest that the trial judge did anything improper.

Tyurin's third and fourth issues assert a similar claim, alleging that Citibank used the trial court to achieve its goal of avoiding paying damages owed to him.

Tyurin has failed to adhere to the requirements set out in Rule 38.1(f)–(i). His amended brief consists of vague complaints, conclusory statements, and repetitive factual assertions which are not supported by citations to the record and which are irrelevant to the issue before an appellate court on a review of a summary judgment. *See Izen*, 322 S.W.3d at 321–22. Based on Tyurin's amended brief, it is unclear what, if any, reversible error allegedly was committed by the trial court. "[W]e will not perform an independent review of the record and applicable law to determine whether the error complained of occurred." *Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex. App.—Houston [1st Dist.] 1995, no writ).

## Conclusion

Tyurin has failed to identify any reversible error. We therefore affirm the trial court's summary judgment.

Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.