

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00138-CV
_____

LAURO DE LEON, APPELLANT

V.

SANDRA HERNANDEZ, APPELLEE

On Appeal from the 244th District Court
Ector County, Texas[1]
Trial Court No. C-17-04-0392-CV, Honorable James M. Rush, Presiding

June 27, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Lauro De Leon, appellant, sued Sandra Hernandez, appellee, for damages arising from an automobile collision. In two issues, De Leon challenges the trial court's judgment entered after a jury trial. Due to our determination that De Leon failed to adequately brief any purported trial court error and that he failed to preserve his sufficiency complaint, we affirm the judgment of the trial court.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Eleventh Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Background

On September 14, 2016, De Leon and Hernandez were involved in an automobile collision at the intersection of Grant and 14th Street in Odessa, Texas. The accident occurred as Hernandez, traveling north on Grant, entered the intersection against a red light and collided with a pick-up truck driven by De Leon. Hernandez was not injured, her air bags did not deploy, and she drove her vehicle home after the accident. De Leon was transported by ambulance to the emergency room where he was examined for neck, back, and hip pain. CT scans of his head, spine, chest, abdomen, and pelvis were normal and revealed no fractures. After approximately two hours, De Leon was discharged and given a prescription for ibuprofen. Two days after the accident, De Leon began treatment with a chiropractor. After receiving six chiropractic treatments, De Leon had no complaints of pain and he was released on September 26, 2016.

De Leon sued Hernandez for negligence and sought damages for past medical expenses, pain and mental anguish, and physical impairment. In response, Hernandez filed an answer generally denying the allegations.

After the close of the evidence, De Leon moved for an instructed verdict on liability. In denying the motion, the judge explained:

> THE COURT: Counsel, the evidence pertaining to possible liability of [De Leon] is extremely scarce, I agree with that, but I think there is some evidence. It went back and forth on, for example, the failure to keep a proper lookout. So I'm going to respectfully deny the motion.

The trial court's charge consisted of three questions and tracked the language suggested by the Texas Pattern Jury Charges for a negligence case: broad form-joint

submission of negligence and proximate cause in question one, proportionate responsibility in question two, and calculation of damages in question three.

At the charge conference, De Leon objected to question one and two "insofar as they show comparative faults on [De Leon], and [Hernandez] did not affirmatively plead the negligence of [De Leon] as a defense."[2] The trial court overruled De Leon's objection.

The jury found both Hernandez and De Leon negligent and assigned 75% responsibility to Hernandez and 25% to De Leon. The jury awarded De Leon $12,000 for reasonable and necessary medical expenses in the past. After reducing the award by De Leon's percentage of responsibility, the trial court entered judgment against Hernandez.

De Leon filed a motion for new trial arguing that a new trial should be granted because Hernandez failed to plead the negligence of De Leon as an affirmative defense. The trial court denied his motion and De Leon appealed.

Analysis

Issues Presented

In his brief, De Leon presents the following issues for review:

Issue 1: The trial court abused its discretion when it overruled Appellant's objections to the jury charge and motion for a directed verdict on liability against Appellee and included Appellant in question numbers 1 and 2 even though Appellee failed to plead contributory negligence as an affirmative defense and when it denied Appellant's motion for a new trial.

Issue 2: The trial court abused its discretion when it signed the final judgment which conformed to the jury's verdict because the jury's answers to all three questions in the jury charge are so contrary to the overwhelming weight of the evidence that those answers are clearly wrong and unjust.

_____

[2] De Leon did not object that there was no evidence to support the submission of his negligence.

3

Issue One

By his first issue, De Leon raises three separate grounds of error. As such, this issue is multifarious. *See Green v. Kaposta*, 152 S.W.3d 839, 842 n.2 (Tex. App.—Dallas 2005, no pet.) (an issue addressing more than one specific ground of error is multifarious). Appellate courts may disregard any assignment of error that is multifarious. *Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.). Alternatively, if a court concludes that a point of error is multifarious, it may consider the point of error if it can determine, with reasonable certainty, the error about which complaint is made. *Green*, 152 S.W.3d at 842 n.2.

In addressing this point of error, we are mindful that the rules of appellate procedure require a brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). "Bare assertions of error, without argument or authority, waive error." *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.); *see Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (discussing "long-standing rule" that point may be waived due to inadequate briefing).

In considering De Leon's issue, it appears that he complains that the trial court abused its discretion by overruling his objections to the charge, by denying his motion for directed verdict, and by denying his motion for new trial. However, De Leon has failed to sufficiently develop any of these purported errors in his briefing. There is no discussion,

analysis, or legal authority cited to support De Leon's assertion that the trial court abused its discretion in denying the directed verdict or the motion for new trial.[3]

> De Leon's entire argument concerning charge error states:

> This Court of Appeals should also find that the trial court's "erroneous" inclusion of Appellant's name in Question Nos. 1 and 2 of the jury charge was not "harmless . . ." *Strong v. Strong*, 350 S.W.3d 759, 764 (Tex. App.—Dallas 2011, [pet. denied]), citing *Nissan Motor Co., Ltd. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004)[,] and *In re C.R.*, 263 S.W.3d 368, 370-71 (Tex. App.—Dallas 2008, no pet.).

This single, conclusory sentence is inadequate to present a challenge to any purported trial court error related to the court's charge and is nothing more than a bare assertion of error with no legal analysis. *See McKellar*, 367 S.W.3d at 484 n.5. Conclusory statements are not enough to raise an issue on appeal. *See Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 321-22 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The only authority cited by De Leon is three cases discussing the erroneous admission of evidence, and whether the error caused the rendition of an improper verdict.[4] It is unclear how that authority applies to the issue here as there is no analysis applying the appropriate legal authority to the facts of his case in such a manner as to demonstrate harm or that the trial court committed reversible error.

---

[3] When an appellant fails to comply with Rule 38.1, it is not this Court's duty to research the law that may support the appellant's contentions. *Tyruin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 Tex. App. LEXIS 9833, at *2-3 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (per curiam); *see also Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 363 (Tex. App.—Fort Worth 2018, pet. denied) (mem. op. on reh'g) (appellants failed to present cogent argument explaining how the trial court's denial exceeded the bounds of reasonable discretion as an unreasonable or arbitrary determination).

[4] None of the issues raised by De Leon makes a complaint that the trial court erred in admitting any evidence.

Although we construe briefs liberally and require only substantial compliance with briefing rules, *see* TEX. R. APP. P. 38.9, if an appellant's issues are unsupported by clear and concise legal argument with appropriate citations to authorities, the appellant waives error. *Bentley v. Peck,* No. 14-17-00561-CV, 2018 Tex. App. LEXIS 8189, at *5 (Tex. App.—Houston [14th Dist.] Oct. 9, 2018, pet. denied) (mem. op.); *see also Vo v. Doan*, No. 14-14-00994-CV, 2016 Tex. App. LEXIS 6938, at *24 (Tex. App.—Houston [14th Dist.] June 30, 2016, pet. denied) (mem. op.) (overruling several issues because the appellants waived error by inadequate briefing when they provided no legal authority or analysis applying appropriate authority of their issues presented).

An appellate issue unsupported by argument or by appropriate legal authority presents nothing for our review. *Blankinship v. Brown*, 399 S.W. 3d 303, 307 (Tex. App.—Dallas 2013, pet. denied); *see Brock v. Sutker*, 215 S.W.3d 927, 929 (Tex. App.—Dallas 2007, no pet.) (holding issue is waived by brief that makes no attempt to analyze trial court's order within context of cited authority). It is not this Court's duty to research the law and fashion a legal argument for a party when he has failed to do so. *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931-32 (Tex. App.—Houston [14th Dist.] 2008, no pet.). It is De Leon's burden as appellant to discuss his assertions of error, and an appellate court has "no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez v. Hernandez*, 318 S.W.3d 464, 465 (Tex. App.—El Paso 2010, no pet.); *Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex. App.—Houston [1st Dist.] 1995, no writ) (op. on reh'g) ("We will not do the job of the advocate."). Were appellate courts to do so, they would be abandoning their role as neutral adjudicators and become

an advocate for that party. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Accordingly, we conclude that De Leon's first issue is inadequately briefed and presents nothing for review. We overrule issue one.

Issue Two

In his second issue, De Leon challenges the factual sufficiency of the evidence to support the verdict and he argues that the findings on the three charge questions are against the great weight and preponderance of the evidence. A "great weight" challenge to a jury finding presents an issue of factual sufficiency. *Kratz v. Exxon Corp.*, 890 S.W.2d 899, 904 (Tex. App.—El Paso 1994, no writ). To preserve a complaint of factual insufficiency of the evidence to support a jury finding, a complaint that a finding is against the overwhelming weight of the evidence, or that a finding of damages was inadequate, a party must raise the issue in a timely filed motion for new trial. TEX. R. CIV. P. 324(b)(2)-(4) (stating appellant cannot challenge factual sufficiency of evidence without first raising point in motion for new trial); *Cecil v. Smith*, 804 S.W.2d 509, 510 (Tex. 1991); *Cannon v. Castillo*, No. 11-12-00256-CV, 2014 Tex. App. LEXIS 8656, at *5 (Tex. App.—Eastland Aug. 7, 2014, no pet.) (mem. op.).

The record in this case does not indicate that De Leon presented his factual sufficiency challenge in a motion for new trial. Although De Leon filed a motion for new trial, the sole complaint raised in that motion was that Hernandez failed to plead the negligence of De Leon as an affirmative defense. Because De Leon did not raise a factual sufficiency complaint in his motion for new trial, he has failed to preserve the issue for our review. *Ihnfeldt v. Reagan*, No. 02-14-00220-CV, 2016 Tex. App. LEXIS 12776, at *31

(Tex. App.—Fort Worth Dec. 1, 2016, pet. denied) (mem. op.). We overrule De Leon's second issue.

Conclusion

Having overruled both of De Leon's issues, we affirm the judgment of the trial court.


Judy C. Parker
Justice

8