

# NUMBER 13-21-00455-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIA A. LARA,                                                          Appellant,

v.

VICENTE ORTIZ,                                                         Appellee.

## On appeal from the County Court at Law No. 7
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Maria A. Lara appeals the trial court's order granting appellee Vicente Ortiz's plea to the jurisdiction and motion to dismiss. In her sole issue, Lara claims that the trial court erred in dismissing her suit. We affirm.

# I.    BACKGROUND[1]

On December 4, 2020, Lara filed her original petition in the county court alleging that Ortiz breached a contract and engaged in consumer fraud. Lara alleged that she entered into an oral agreement with Ortiz for the construction of a chain-link fence on her property for $3,500. Lara further alleged that during construction, she gave notice to Ortiz that the fence was not constructed or placed properly, but Ortiz never remedied major defects and ultimately abandoned the job. The original petition also alleged the following:

> [Lara] was obligated to re-survey the property at an additional cost of $1,190.00, and removal of the fence herself ([i]t was encroaching [on] other people's property), all at an additional cost of at least $2,000. [Lara] has now been assessed with the original cost of $3,400.00, with a lien against her property.
>
> Wherefore, [Ortiz] has been guilty of consumer fraud and [Lara] should recover double the amount of her losses, remove the lien, and have other relief at law or in equity the Court may deem proper.

On January 8, 2021, Ortiz filed his "Plea to the Jurisdiction, Motion to Dismiss[,] and Original Answer." In his filing, Ortiz generally denied all allegations but also claimed that the county court lacked jurisdiction because Lara's suit was previously litigated in the justice court. Specifically, Ortiz alleged "the same[] parties, same facts, and same causes of action were litigated in the Justice Court"; "[a] final judgment was granted in favor of . . . Ortiz and against . . . Lara in the Justice Court for this same cause of action"; "Lara failed to appeal the ruling of the Justice Court and therefore said Judgment is final"; Lara's suit "constitutes a collateral attack on the Judgment of the Justice Court and is improper";

---

[1] Lara did not request the reporter's record in this case, and none was filed. In addition, Lara indicated "[t]here are no Reporter's notes" in her brief.

and the county court "cannot have jurisdiction since the appeal was not perfected." Ortiz's filing further stated the following:

> This case involves the same parties, facts[,] and causes of action as was already litigated in the Justice Court. Therefore this matter is res judicata. Any claims that . . . Lara had against . . . Ortiz were mandatory. Since she did not file her mandatory counter claims, and thereafter appeal the Judgment of the Justice Court, this matter should be dismissed.

On January 21, 2021, Ortiz filed a second plea to the jurisdiction and motion to dismiss making many of the same claims as his January 8, 2021 filing, but also included a detailed procedural history and timeline of the proceedings in the justice court. The pleading also stated the following:

> There has been a lapse of over [eighteen] months since the Justice Court signed the final judgment awarding Vicente Ortiz the sum of $3,500.00. Maria Antonia Leal [sic] simply failed to file an appeal or otherwise perfect an appeal from the ruling of the Justice Court. Maria Antonia Leal [sic] indicates to this Court in her pleadings that she has been assessed with a lien against her property in the amount of $3,400.00 but fails to tell this Court who signed the lien or what Court the lien came from. Maria Antonia Lara simply fails to tell this Court the history of the Justice Court.

> On March 2, 2021, Lara filed her requests for admissions pursuant to Texas Rule of Civil Procedure 198. *See* TEX. R. CIV. P. 198.

> On June 23, 2021, Lara filed her "Motion for Judgment," in which she stated the following:

> [Lara] has sued for damages to her home by [Ortiz] after he attempted to construct a perimeter fence around her ([Lara]'s) homestead. [Ortiz] abandoned the construction job, and left the site without improvement. No contract was ever executed, but nevertheless, [Ortiz] has attempted to impose a lien on [Lara]'s homestead.

> . . . .

3

Request[s] for admission were posed to [Ortiz], and no answer has ever been filed, deeming the same admitted and confessed. Wherefore, [Lara] prays that this Court grant judgment for all relief prayed.

On November 29, 2021, the trial court signed and filed its "Order on [Ortiz]'s Plea to the Jurisdiction and Motion to Dismiss." In the said order, the trial court granted Ortiz's plea to the jurisdiction and dismissed the case. The order also granted Ortiz's motion to dismiss on the grounds of res judicata. The order stated that "[t]his order constitutes a final judgment as to all parties and all issues."

Lara timely filed a motion for new trial and rehearing, which was denied by the trial court. This appeal ensued.[2]

## II. MOTION TO DISMISS

In her sole issue, Lara asserts that the "trial court erred in granting an outright dismissal of [her] action for consumer fraud and damages." Lara's argument spans a single page, wherein she argues—without citation to the record—that "res judicata or collateral estoppel does not prevent a second portion of a lawsuit to be tried," that her "action may involve the same parties and background, but the relief sought is certainly different and resulting from other conduct"; and that "[o]ther issues need to be determined in this separate action." Though Lara provides two case citations, she provides no explanation as to their relevance to the instant case. In other words, the two case citations constitute the full extent of her argument. Lara does not explain with citation to pertinent authority and with substantive argument how the trial court erred in rendering the

---

[2] Ortiz did not file a brief to assist us in the resolution of this matter.

4

complained-of order, and we are unable to construe her argument. *See* TEX. R. APP. P. 38.1(i). Lara requests that we reverse the trial court's order granting Ortiz's plea to the jurisdiction and motion to dismiss. However, without proper legal analysis with citation to applicable authority, we are unable to determine the merits of her requested relief. *See id.* As an appellate court, we are prohibited from performing an independent review of the record and the applicable law to determine whether there was error. *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.); *see also The Port of Corpus Christi, LP v. Port of Corpus Christi Auth. of Nueces Cnty.*, No. 13-19-00378-CV, 2021 WL 2694772, at *11 (Tex. App.—Corpus Christi–Edinburg July 1, 2021, no pet.) (mem. op.) ("An appellate court is not permitted to perform an independent review of the record and applicable law to determine whether there was error. In doing so, we would be abandoning our role as neutral adjudicators and become an advocate for that party.") (internal citations omitted). "We will not do the job of the advocate." *Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex. App.—Houston [1st Dist.] 1995, no writ); *see also Samara Portfolio Mgmt., LLC v. Zargari*, No. 13-17-00049-CV, 2018 WL 2979847, at *9 (Tex. App.—Corpus Christi–Edinburg June 14, 2018, pet. denied) (mem. op.) (concluding the same). Accordingly, we conclude that Lara's assertion is forfeited as inadequately briefed. *See* TEX. R. APP. P. 38.1(i). We overrule Lara's sole issue.

### III.   CONCLUSION

The trial court's judgment granting Ortiz's plea to the jurisdiction and motion to dismiss is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
12th day of January, 2023.