**Affirm and Opinion Filed February 6, 2013**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-12-00306-CV

---

## JOHN R. CHANCE, Appellant

### V.

## CITIMORTGAGE, INC., Appellee

---

### On Appeal from the 95th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-10-14984

---

## OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

John R. Chance appeals the trial court's summary judgment authorizing CitiMortgage, Inc. to conduct a non-judicial foreclosure of his home equity lien. In three issues, appellant generally argues the summary judgment evidence raised material fact issues regarding the enforceability, authenticity, and ownership of the underlying promissory note. In an additional issue, Chance requests the summary judgment be reversed and remanded to the trial court because it did not dispose of CitiMortgage's claim for damages. After reviewing the record, we conclude that the trial court properly granted summary judgment in CitiMortgage's favor. We therefore affirm the trial court's judgment.

## BACKGROUND

In November 2008, Chance executed a Texas Home Equity Note payable to Overland Mortgage Corporation secured by real property Chance owned in Dallas, Texas. He also executed a deed of trust naming Mortgage Electronic Registration Systems, Inc. as Overland's nominee. It is undisputed that Chance defaulted on his payment obligations under the note. CitiMortgage, as loan servicer, filed an application under Texas Rule of Civil Procedure 736 seeking a court order allowing foreclosure of the deed of trust that secured the loan. *See* TEX. R. CIV. P. 736. In response, Chance filed this lawsuit contesting CitiMortgage's right to foreclose. Chance alleged CitiMortgage was not a real party in interest because Overland was the named party on the note. Chance also claimed the note on which CitiMortgage relied was "unsigned and stamped as 'VOID.'"

CitiMortgage filed a counterclaim to Chance's petition reasserting its request for a court order allowing a non-judicial foreclosure under the deed of trust and section 51.002 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 51.002 (West Supp. 2012). CitiMortgage then moved for summary judgment on Chance's claims and its counterclaim contending that it conclusively proved the requirements to foreclose on the security instrument that Chance had executed. Chance filed a response opposing the motion that included his affidavit and a copy of the note he signed with Overland. After a hearing, the trial court granted CitiMortgage summary judgment allowing the foreclosure to proceed. This appeal followed.

## ANALYSIS

We review a summary judgment de novo to determine whether the record reveals there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.

2

2005). In support of its motion, CitiMortgage submitted the following evidence: (1) certified copies of the deed of trust and the assignment directly from Overland to CitiMortgage; (2) Chance's responses to various discovery requests propounded by CitiMortgage, and (3) the affidavit of Kelly Cullen, a CitiMortgage business operations analyst responsible for monitoring defaulted loans owned or serviced by CitiMortgage. Among other things, Cullen averred that the photocopy of the note attached to her affidavit was a true and correct copy of the note that Chance signed with Overland and that CitiMortgage was in actual physical possession of the original note. Cullen further stated that the loan was paid through September 2009, that it had an outstanding principal balance due of $328,965.23, and that Chance had been notified of the default and intent to accelerate the loan.

## I. Enforceability of the Note

In his first issue, Chance asserts summary judgment was improper because the note on which CitiMortgage relies contains a "VOID" stamp creating a material fact issue regarding whether the note was enforceable. Chance argues the void stamp is irrefutable evidence of an intent to "neutralize" the note. We disagree. The void stamp to which Chance refers is located on the last page of the note and covers only a blank indorsement block.[1] The stamp appears nowhere else on the note. Section 3.604 of the Texas Business and Commerce Code provides that a note may be discharged by cancellation or renunciation by an intentional voluntary act,

---

[1] The void stamp covers the following blank indorsement:

PAY TO THE ORDER OF

_____WITHOUT RECOURSE

Overland Mortgage Corporation

By:_____

Name:_____

Title:_____

such as surrender of the instrument to the party obligated to pay it, or the destruction, mutilation, or cancellation of the instrument, the cancellation or striking out the party's signature, or the addition of words to the instrument indicating discharge. TEX. BUS. & COM. CODE ANN. § 3.604(a)(1) (West Supp. 2012). There is nothing in the record to suggest the void stamp over the blank indorsement block was intended to discharge, cancel, or otherwise renounce Chance's obligations under the note. The note in CitiMortgage's summary judgment evidence included an allonge immediately following the page with the void stamp containing an indorsement by Overland making the note payable to CitiMortgage. Moreover, section 3.604(b) of the business and commerce code states that the cancellation or striking out of an indorsement pursuant to subsection (a) does not affect the status and rights of a party derived from the indorsement, suggesting that cancellation or voiding of an indorsement is distinct from the discharge or cancellation of the underlying instrument. *Id.* at § 3.604(b).

Cullen's affidavit notes that CitiMortgage has not cancelled the note or discharged Chance from his obligations under the note. Moreover, in his responses to discovery, Chance admitted that he made loan payments to CitiMortgage and that he was in default with regard to repayment of the loan. Based on the record before us, we conclude the existence of a void stamp over a blank indorsement, without more, is insufficient to create a fact issue regarding the parties' intent to discharge, cancel, or otherwise "neutralize" Chance's obligations under the note. We resolve Chance's first issue against him.

## II. Authenticity of the Note

In his second issue, Chance asserts that summary judgment was improper because he disputes that the photocopy of the note attached to Cullen's affidavit is a true copy of the original note he signed with Overland. Focusing on the fact that CitiMortgage did not produce the

4

original note, Chance argues that the copy of the note attached to his summary judgment affidavit differs from that of CitiMortgage's in that his copy does not contain the void stamp. He also disputes whether the note possessed by CitiMortgage bears his signature.[2]

We first note that CitiMortgage did not seek to recover on the promissory note. Instead it sought a judgment allowing a non-judicial foreclosure under the deed of trust and the Texas Property Code. The express terms of the deed of trust gave CitiMortgage, as assignee, the right to seek foreclosure in the event of a default under the note. Consequently, introduction of the promissory note as summary judgment evidence was not required. *See Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 361–62 (Tex. App.—Dallas 2007 pet. denied) (absence of promissory note in summary judgment evidence did not preclude summary judgment when movant did not seek to recover on note but sought to quiet title and a declaratory judgment for judicial foreclosure).

In any event, a photocopy of an original promissory note, authenticated by an otherwise proper affidavit showing that the photocopy is a true and correct copy of the original, may suffice, in lieu of the original, as proper summary judgment evidence of the note. *See Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 380 (Tex. 1978). Here, Cullen stated that a true and correct copy of the note Chance signed with Overland was attached to her affidavit as exhibit "D-1" and that CitiMortgage is in actual physical possession of the original note. Chance does not dispute that he signed a note with Overland. The only differences he alleges between the note he signed and the note submitted by CitiMortgage are the addition of the void stamp over a blank indorsement unrelated to CitiMortgage's acquisition of the note and the absence of his original signature in ink as distinguished from the photocopy of his signature that is on the

---

[2] In his affidavit, Chance claims he did not sign the note attached to CitiMortgage's summary judgment affidavit and that the note he signed with Overland bears his signature written in ink "which surely left an impression on the document."

5

document. Neither of these contentions controvert Cullen's affidavit testimony that the note was a true and correct copy of the original note Chance signed with Overland. Chance's mere speculation or conjecture on the authenticity of the note will not defeat CitiMortgage's competent summary judgment evidence. *See Kyle*, 232 S.W.3d at 359 (defendant's mere speculation will not defeat competent summary judgment evidence). Accordingly, the trial court did not err in concluding there was no fact issue regarding the authenticity of the note in CitiMortgage's summary judgment evidence.

Under this issue, Chance also argues that the trial court erred in overruling his objection to CitiMortgage's note under the best evidence rule. Because Chance failed to obtain a ruling on his evidentiary objection, this issue has not been preserved for appeal. *See Ritter v. Las Colonitas Condo. Ass'n*, 319 S.W.3d 884, 889, n.3 (Tex.App.—Dallas 2010, no pet.) (failure to obtain ruling in trial court on objection that affidavit was not "best evidence" waived objection on appeal). We resolve Chance's second issue against him.

## III. Ownership of the Note

In his third issue, Chance contends the summary judgment was improper because there is a fact issue as to whether CitiMortgage owned the note. Specifically, Chance argues that because CitiMortgage presented no summary judgment evidence of the transaction that led to its purported ownership, it cannot enforce the note. As explained above, CitiMortgage did not seek enforcement of the note. Nevertheless, Cullen's affidavit states that CitiMortgage is in actual physical possession of the original note executed by Chance and that a true and correct copy of the note is attached to her affidavit as exhibit D-1. Exhibit D-1 contains the four page note and an allonge containing an indorsement by Overland, the original lender, directly to CitiMortgage. This uncontroverted evidence establishes an unbroken chain of title from Overland to

6

CitiMortgage and is sufficient to establish CitiMortgage's status as holder of the note. *See* TEX. BUS. & COM. CODE ANN. § 1.201(21) (West 2009) (holder is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession). As holder of the note, CitiMortgage is entitled to enforce the instrument. *See* TEX. BUS. & COM. CODE ANN. § 3.301 (West 2002). In reaching this conclusion, we necessarily reject Chance's argument that what appears to be a handwritten signature on Overland's indorsement is suspect because it is a "robotic mark" and not indicative of the signatory's name. Chance's mere speculation or conjecture regarding the authenticity of the signature cannot defeat competent summary judgment evidence. *See Kyle*, 232 S.W.3d at 359.

For the first time on appeal, Chance argues there was no evidence the allonge containing the indorsement was ever affixed to the note and that the allonge is suspect because there was room for an indorsement on the note itself. Because Chance did not present these arguments to the trial court in his written response to CitiMortgage's motion for summary judgment they have not been preserved for appeal. *See* Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677–78 (Tex. 1979). We resolve Chance's third issue against him.

## IV. Unresolved Damages Claim

In his fourth issue, Chance complains the summary judgment failed to award a liquidated amount for CitiMortgage's claim for damages. After reviewing the pleadings and the trial court's judgment, we are satisfied that the summary judgment disposed of all claims between the parties. Contrary to Chance's contention, CitiMortgage did not assert a claim for damages in its counterclaim. The only relief CitiMortgage sought was a judgment authorizing it to foreclose on the property securing the note in accordance with the terms of the deed of trust and section 51.002 of the property code. We resolve Chance's fourth issue against him.

7

We affirm the trial court's judgment.

DAVID W. EVANS
JUSTICE

120306F.P05

8



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

John R. Chance, Appellant

No. 05-12-00306-CV    V.

CitiMortgage, Inc., Appellee

On Appeal from the 95th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-14984.
Opinion delivered by Justice Evans.
Justices FitzGerald and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CitiMortgage, Inc. recover its costs of this appeal from appellant John R. Chance.

Judgment entered this 6th day of February, 2013.

DAVID W. EVANS
JUSTICE