ACCEPTED
03-15-00011-CV
5753278
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/19/2015 3:30:42 PM
JEFFREY D. KYLE
CLERK

# No. 03-15-00011-CV

_____

## In the Third Court of Appeals

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/19/2015 3:30:42 PM
JEFFREY D. KYLE
Clerk

_____

**CLARE TREVARTHEN,**

*Appellant*,

**V.**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/19/2015 3:30:42 PM
JEFFREY D. KYLE
Clerk

**NATIONSTAR MORTGAGE, LLC; AUCTION.COM; PAMELA CIRKIEL; HELEN G. KINNEMAN; JEREMIAH MCCLAIN; AND SHAMICA THOMAS,**

*Appellees*.

_____

*On Appeal from Cause No. 14-0187-C26 (severed into No. 14-1096-C26)*
*26th Judicial District Court, Williamson County, Texas*
*Hon. Billy Ray Stubblefield, Judge Presiding*

_____

**BRIEF OF APPELLEE NATIONSTAR MORTGAGE LLC**

_____

B. David L. Foster
  State Bar No. 24031555
  dfoster@lockelord.com
John W. Ellis
  State Bar No. 24078473
  jellis@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
512-305-4700 (Telephone)
512-305-4800 (Facsimile)

Thomas G. Yoxall
  State Bar No. 00785304
  tyoxall@lockelord.com
Daron L. Janis
  State Bar No. 24060015
  djanis@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
214-740-8000 (Telephone)
214-740-8800 (Facsimile)

**ATTORNEYS FOR NATIONSTAR MORTGAGE LLC**

## IDENTITY OF PARTIES AND COUNSEL

Because Appellant's brief incorrectly identifies the parties to this appeal, pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), Appellee provides this corrected table of parties and counsel:

| PARTIES TO THE PROCEEDING: | COUNSEL: |
|---|---|
| Clare Trevarthen,<br>*Appellant* | David Rogers<br>  State Bar No. 24014089<br>  Firm@DARogersLaw.com<br>Law Office of David Rogers<br>1201 Spyglass Suite 100<br>Austin, Texas 78746<br>(512) 923-1836 (Telephone)<br>(512) 777-5988 (Facsimile)<br><br>***Appellate and Trial Counsel*** |
| Nationstar Mortgage LLC,<br>*Appellee* | Daron L. Janis<br>  State Bar No. 24060015<br>  djanis@lockelord.com<br>Locke Lord LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201<br>214-740-8000 (Telephone)<br>214-740-8800 (Facsimile)<br><br>***Appellate Counsel***<br><br>B. David L. Foster<br>  State Bar No. 24031555<br>  dfoster@lockelord.com<br>John W. Ellis<br>  State Bar No. 24078473<br>  jellis@lockelord.com<br>Locke Lord LLP<br>600 Congress Avenue, Suite 2200<br>Austin, Texas 78701 |

| PARTIES TO THE PROCEEDING: | COUNSEL: |
|---|---|
| | 512-305-4700 (Telephone) 512-305-4800 (Facsimile) Thomas G. Yoxall State Bar No. 00785304 tyoxall@lockelord.com Locke Lord LLP 2200 Ross Avenue, Suite 2200 Dallas, Texas 75201 214-740-8000 (Telephone) 214-740-8800 (Facsimile) ***Appellate and Trial Counsel***[1] |

---

[1] Contrary to the Identity of Parties and Counsel in Appellant's brief, (*see* Appellant's Br. at p.III), Counsel for Appellee Nationstar Mortgage LLC do not represent the incorrectly identified appellees Pamela Cirkiel, Auction.com, Helen G. Kinneman, Jeremiah McClain, and Shamica Thomas. (*See* CR:291-296, 307-319.) Moreover, those other parties are not properly identified as appellees to this appeal because the judgment that Appellant challenges severed Appellant's claims against Appellee Nationstar Mortgage LLC from Appellant's claims against the other defendants in the underlying case. (CR:729-730.)

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel ................................................................................i

Index of Authorities ..............................................................................................iv

Statement of the Case............................................................................ vii

Statement Regarding Oral Argument ........................................................ vii

Issue Presented .................................................................................... viii

Statement of Facts ..................................................................................1

Summary of the Argument..........................................................................8

Argument...............................................................................................10

I. The Uncontroverted Summary Judgment Evidence Conclusively Establishes Aurora Loan Services' Authority to Foreclose. .............................10

   A. Aurora Loan Services, as holder of the note, was authorized to conduct a nonjudicial foreclosure.................................................................11

   B. Independent of its status as holder of the note, Aurora Loan Services, had authority to foreclose as assignee of the deed of trust............................14

   C. Aurora Loan Services also had authority to foreclose as the mortgage servicer...................................................................................17

   D. Trevarthen's complaints concerning post-foreclosure activity have no bearing on Aurora Loan Services' authority to conduct the foreclosure sale. ...................................................................................18

II. Trevarthen Failed to Meet Her Burden to Challenge All Grounds for Summary Judgment. ..............................................................................21

Prayer ...................................................................................................24

Certificate of Compliance .......................................................................26

Certificate of Service ..............................................................................26

INDEX OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Bierwirth v. BAC Home Loans Servicing, L.P.*,
        No. 03-11-00644-CV, 2012 WL 3793190 (Tex. App.—Austin Aug.
        30, 2012, pet. denied) (mem. op.)..............................................................15, 16

*Bierwirth v. BAC Home Loans Servicing, LP*,
        No. 03-12-00583-CV, 2014 WL 712520 (Tex. App.—Austin Feb. 20,
        2014, no pet.) ....................................................................................................16

*Chance v. CitiMortgage, Inc.*,
        395 S.W.3d 311 (Tex. App.—Dallas 2013, pet. denied) ..............................11

*First Am. Title Ins. Co. v. Strayhorn*,
        169 S.W.3d 298 (Tex. App.—Austin 2005, no pet.)......................................24

*Gillespie v. BAC Home Loans Servicing, L.P.*,
        No. 4:11-CV-388-A, 2012 WL 1870923, (N.D. Tex. May 23, 2012) ..........18

*Grace v. Colorito*,
        4 S.W.3d 765 (Tex. App.—Austin 1999, pet. denied)............................22, 24

*Gudur v. Tex. Dept. of Health,* No. 03-03-00752-CV, 2005 WL 2673670
        (Tex. App.—Austin 2005, no pet.) (mem. op.).............................................13

*Happy Harbor Methodist Home, Inc. v. Cowins*,
        903 S.W.2d 884 (Tex. App.—Houston [1st Dist.] 1995, no writ) ................19

*Liberty Mut. Ins. Co. v. Griesing*,
        150 S.W.3d 640 (Tex. App.—Austin 2004, pet. dism'd w.o.j.) .............12, 14

*Llopa, Inc. v. Nagel*,
        956 S.W.2d 82 (Tex. App.—San Antonio 1997, writ denied).......................13

*Lopez v. Texas Workers' Comp. Ins. Fund*,
        11 S.W.3d 490 (Tex. App.—Austin 2000, pet. denied).............................22, 24

*Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*,
  No. H-12-1448, 2012 WL 3197918 (S.D. Tex. Aug. 2, 2012) .....................15

*Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*,
  331 S.W.3d 500 (Tex. App.—El Paso 2010, no pet.) ..................................19

*Roper v. CitiMortgage, Inc.*,
  No. 03-11-00887-CV, 2013 WL 6465637 (Tex. App.—Austin Nov.
  27, 2013, pet. denied) ...........................................................14, 16, 18, 21

*San Jacinto River Auth. v. Duke*,
  783 S.W.2d 209 (Tex.1990) (per curiam) ..................................................1, 21

*U.S. Fire Ins. Co. v. Lynd Co.*,
  399 S.W.3d 206 (Tex. App.—San Antonio 2012, pet. denied) ................2, 21

*Young v. Gumfory*,
  322 S.W.3d 731 (Tex. App.—Dallas 2010, no pet.) ....................................21

## Statutes

TEX. BUS. & COM. CODE § 1.201(B)(21)(A) ............................................................11

TEX. BUS. & COM. CODE § 3.205(B).......................................................................11

TEX. PROP. CODE § 51.0001 ...........................................................................15, 16

TEX. PROP. CODE § 51.002 .............................................................................15, 17

TEX. PROP. CODE § 51.0025 ...........................................................................15, 17

## Rules

TEX. R. APP. P. 38.1.....................................................................................3, 19

TEX. R. APP. P. 38.2........................................................................................i, 4

TEX. R. APP. P. 44.1(A).....................................................................................21

TEX. R. APP. P. 9.4.........................................................................................................26

## STATEMENT OF THE CASE

This appeal arises out of the June 7, 2011 nonjudicial foreclosure of a residential rental property pursuant to a mortgage deed of trust. Appellant, Clare Trevarthen ("Trevarthen"), filed this lawsuit seeking, among other things, to have the foreclosure rescinded. (CR:150-178). The district court entered summary judgment in favor of Appellee, Nationstar Mortgage LLC ("Nationstar"), on all of Trevarthen's claims against Nationstar and severed those claims into Cause No. 14-1096-C26. (CR:729-730.)

Although Trevarthen's claims against Nationstar were severed into a new cause number and she appeals only those claims (CR:730-735), Trevarthen filed her Notice of Appeal under the original cause number, 14-0187-C26, and she identifies additional defendants as appellees (Appellant's Br. at p.III.) Trevarthen's brief also incorrectly identifies the undersigned counsel as attorneys of record for the other parties incorrectly identified as appellees. (Appellant's Br. at p.III.)

## STATEMENT REGARDING ORAL ARGUMENT

Nationstar believes this case can be resolved efficiently by submission on the briefs. But to the extent the Court believes oral argument would be useful to answer questions and conduct a dialogue regarding Trevarthen's arguments, Nationstar requests the opportunity to participate.

**ISSUE PRESENTED**

Did Aurora Loan Services, LLC have authority to nonjudicially foreclose on Trevarthen's property?

TO THE HONORABLE THIRD COURT OF APPEALS:

It is a well-settled proposition of Texas law that either the holder of an original promissory note that is indorsed in blank, the mortgagee of record, or the mortgage servicer can conduct a nonjudicial foreclosure. With respect to the mortgage loan at issue in this case, the undisputed evidence establishes as a matter of law that: (1) at all relevant times, Aurora Loan Services, LLC ("Aurora Loan Services") held the original note, which was indorsed in blank; (2) the deed of trust named Mortgage Electronic Registration Systems ("MERS") as the beneficiary and nominee for the lender and the lender's successors and assigns, and MERS subsequently assigned the deed of trust to Aurora Loan Services; and (3) Aurora Loan Services was the mortgage servicer of the underlying loan at the time of foreclosure. Through any of the above capacities, Aurora Loan Services had the authority to invoke the power of sale in the deed of trust and foreclose. Accordingly, the trial court's judgment should be affirmed.

## STATEMENT OF FACTS

Although the material facts are undisputed, the "Facts" section of Trevarthen's brief relies on many documents that the trial court struck from the summary judgment record. (CR:729-730.)[2] The following chart identifies such

---

[2] Significantly, Trevarthen does not on appeal challenge the trial court's striking of those documents. (*See* Appellant's Br. at ¶ 3.01.) Thus, any challenge to that aspect of the trial court's ruling has been waived, *San Jacinto River Authority v. Duke*, 783 S.W.2d 209, 209-10

1

documents and the paragraphs in and/or appendix items attached to Appellant's Brief where Trevarthen discusses or relies upon such documents for her statement of facts:[3]

| List of Documents Struck from the Summary Judgment Record but Relied upon by Appellant | |
|---|---|
| **Document Description (Clerk's Record)** | **Appellant's Brief** |
| MERS Milestones (CR:545-546) | ¶¶ 4.05, 4.08-4.020 |
| Copy of Promissory Note with Unsigned Indorsement (CR:548-549) | ¶¶ 4.05, 4.042, 4.048, App'x Item 3 |
| Dec. 15, 2008 Notice (CR:585-586) | ¶¶ 4.05, 4.025 |
| July 16, 2010 Notice (CR:588-589) | ¶¶ 4.05, 4.026 |
| Sept. 13, 2010 Notice (CR:591-592) | ¶¶ 4.05, 4.027 |
| Sept. 28, 2010 Response to Various Communications (CR:594-600) | ¶¶ 4.05, 4.028 |
| May 10, 2011 Response to Purported Qualified Written Request (CR:610-611) | ¶¶ 4.05, 4.029[4] |

---

(Tex.1990) (per curiam), and the struck documents are not part of the record on appeal, *U.S. Fire Insurance Co. v. Lynd Co.*, 399 S.W.3d 206, 215 (Tex. App.—San Antonio 2012, pet. denied).

[3] The documents that the trial court struck from the record are all exhibits that were attached to Plaintiff's Response to Defendant Nationstar Mortgage LLC's Traditional and No-Evidence Motion for Summary Judgment and Motion to Sever. (CR:729.) Properly authenticated copies of some of those documents were also attached to Defendant Nationstar Mortgage LLC's Traditional and No-Evidence Motion for Summary Judgment and Motion to Sever, so Nationstar has not included those documents in the chart.

[4] Trevarthen references a "QWR response" dated April 18, 2011, in paragraph 4.029 of her brief, but she appears to be referring instead to the May 10, 2011 Response to Purported Qualified Written Request located at pages 594-600 of the Clerk's Record. There is no correspondence dated April 18, 2011 in the record.

2

| | |
|---|---|
| Issuer Profile (CR:622-634) | ¶ 4.05 |
| Declaration of Kristen Trompisz (CR:643-646, 656-659) | ¶¶ 4.01, 4.05, 4.042; App'x Item 13 |
| Allonge to Promissory Note (CR:648) | ¶¶ 4.05, 4.042, 4.048-4.049; Appx's Item 15 |
| Notices of Substitute Trustee's Sale (CR:690-691) | ¶¶ 4.05 |

Trevarthen also repeatedly violates Texas Rule of Appellate Procedure 38.1(g) by failing to provide record references to support statements in the "Facts" section of her brief. (*See, e.g.*, Appellant's Br. at ¶¶ 4.08-4.020, 4.025-4.031, 4.033, 4.035, 4.039, 4.046-4.049.) Perhaps not coincidentally, as shown in the chart above, many of those statements correspond to documents that were struck from the record by the trial court.

Trevarthen also mischaracterizes some of the documents that are in the record. The following are just a couple of examples:

- Trevarthen asserts that a Notice of Assignment, Sale, or Transfer of Servicing Rights dated February 16, 2007, "introduces "Florez Consulting Company as the party that assigns the Meridias Capital servicing rights from itself (which it never had) to Aurora Loan Services on 2-16-2007." (Appellant's Br. at ¶ 4.024.) What the letter actually states is that "the servicing of your mortgage loan is being

3

assigned, sold or transferred from Florez Consulting Company to Aurora Loan Services ('Aurora'), effective March 01, 2007." (CR:387.) The letter does not say that Florez Consulting Company is doing the assigning, selling, or transferring of the servicing. (*Id*.)

- Trevarthen asserts that a Notice of Substitute Trustee's Sale states that "ALS Inc." was the mortgagee. (Appellant's Br. at ¶ 4.030.) She similarly asserts that the same Notice of Substitute Trustee's Sale states that "Aurora Loan Services (presumably the Inc.) is the mortgagee." (*Id*. at ¶ 4.039.) What the Notice of Substitute Trustee's Sale actually states is that the mortgagee was "Aurora Loan Services." (CR:479.) There is no evidence anywhere in the record that an Aurora Loan Services, Inc. even exists.

Because of Trevarthen's mischaracterizations of documents in the record and her reliance on documents that are not properly part of the record on appeal, Nationstar provides its own statement of facts. *See* TEX. R. APP. P. 38.2(a)(1)(B).

On December 27, 2006, Trevarthen executed an Adjustable Rate Note in the original principal amount of $136,000. (CR:372-382.) On the same date, Trevarthen also signed a Deed of Trust, securing repayment of the Note with a lien on the property located at 1202 Mahogany Lane, Cedar Park, Texas (the

4

"Property"). (CR:437:466.) The Lender on the Note and Deed of Trust is defined as Meridias Capital, Inc., a Nevada Corporation. (CR:372.) The Deed of Trust further provides that the "covenants and agreements of this Security Instrument shall bind . . . and benefit the successors and assigns of Lender." (CR:445 ¶ 13.)

The Deed of Trust names MERS as the "beneficiary of this Security Agreement." (CR:438-439.) The Deed of Trust further names MERS "as nominee for Lender and Lender's successors and assigns" and provides that MERS may exercise its interests in the Property, including "the right to foreclose and sell the Property; and to take any action required of Lender." (CR:438-439.)

The Deed of Trust provides that if Trevarthen defaulted on the Note and failed to cure the default, "Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale." (CR:448, ¶ 22.)

In conjunction with signing the Note and Deed of Trust, Trevarthen also signed a "Loan Servicing Disclosure Statement," agreeing that "the right to collect [her] mortgage loan payments may be transferred" and setting forth "certain related rights." (CR:384-385.) The Loan Servicing Disclosure provides that Meridias Capital, Inc. did not service Trevarthen's loan and that it intended to "assign, sell, or transfer the servicing of [her] mortgage loan." (CR:384.)

5

Approximately two months after Trevarthen borrowed money to purchase the Property, she was sent a Notice of Assignment, Sale, or Transfer of Servicing Rights transferring the servicing of the Loan to Aurora Loan Services. (CR:388.) After making some payments to Aurora Loan Services, by 2008, Trevarthen defaulted on her payment obligations under Note and Deed of Trust. (CR:369, 394-404.) Instead of accelerating payments owed on the Note and foreclosing on the Property at that time, Aurora Loan Services entered into a forbearance agreement with Trevarthen. (CR:394-404.) Pursuant to the forbearance agreement, Trevarthen agreed, *inter alia*, that: (i) Aurora Loan Services was the "servicing agent and/or the owner and holder" of the Note; (ii) the Note is secured by the Deed of Trust on the Property; and (iii) Plaintiff was in default under the Note and Deed of Trust. (CR:396).

After entering into the forbearance agreement with Aurora Loan Services, Trevarthen repeatedly defaulted on her payment obligations under the Note. (CR:367-370 ¶ 9-10, 406-416, 418-429, 431-435.) Trevarthen subsequently signed two additional forbearance agreements in 2009 and 2010 (CR:406-416, 418-429), but, yet again, Trevarthen defaulted on her payment obligations (CR:431-435.) Through all three forbearance agreements, Trevarthen admitted in writing that, among other things, the debt was owed to Aurora Loan Services, she had defaulted

6

on the Loan, and Aurora Loan Services had the right to foreclose on the Property. (CR:394-404; 406-416, 418-429.)

Because Trevarthen failed to cure her default, Aurora Loan Services sent Trevarthen a notice of default dated January 14, 2011. (CR:431-435.) On March 7, 2011, MERS "as nominee for Meridias Capital, Inc. its successors and assigns" assigned its interest in the Deed of Trust to Aurora Loan Services. (CR:468-469.) As a result of Plaintiff's failure to cure her default, Aurora Loan Services, through its foreclosure counsel, sent Trevarthen a notice of sale, and the Property was sold through nonjudicial foreclosure on June 7, 2011. (CR:476-77, 479-81.) At the time of foreclosure, Aurora Loan Services held possession of the Note, which is indorsed in blank.[5] (CR:369, 376.)

Trevarthen sued Nationstar. (CR:9-146.) Trevarthen subsequently filed a First Amended Original Petition—the live pleading on this appeal. (CR:150-288.) Trevarthen asserted multiple claims against Nationstar, all of which hinge on the same theory—that Aurora Loan Services lacked authority to foreclose on the Loan. (CR:152-176.)

---

[5] After the foreclosure, there were several subsequent servicing transfers. On July 6, 2011, Aurora Loan Services sent Trevarthen notice that effective July 21, 2011, the servicing of the Loan would be transferred from "Aurora Loan Services LLC (Aurora Loan Services)" to Aurora Bank FSB. (CR:389-90.) Additionally, on June 15, 2012, Aurora Bank FSB sent Trevarthen notice that effective July 1, 2012, servicing of the Loan would be transferred from Aurora Bank FSB to Nationstar Mortgage LLC. (CR:392.) None of Trevarthen's allegations in her live petition concern these post-foreclosure servicing transfers.

Nationstar moved for traditional and no-evidence summary judgment, presenting multiple grounds for traditional and no-evidence summary judgment on all of Trevarthen's claims. (CR:330.) Trevarthen filed a response, and Nationstar objected to some of the documents attached to Trevarthen's response. (CR:711-715.)

After considering Nationstar's motion and objections, Trevarthen's response, the pleadings, the competent evidence, the arguments of counsel, and "all other matters properly before the Court," the trial court sustained Nationstar's objections, ordered that several of the documents attached to Trevarthen's response be stricken from the summary-judgment record, granted Nationstar's traditional and no-evidence motion for summary judgment and motion to sever, entered a final judgment that Trevarthen take nothing on her claims against Nationstar, and severed the claims against Nationstar into a new cause. (CR:729-730.) This appeal of the judgment on the severed claims ensued. (CR:731-734.)

## SUMMARY OF THE ARGUMENT

All of Trevarthen's claims subject to this appeal are premised on her theory that Aurora Loan Services lacked authority to conduct the June 7, 2011 nonjudicial foreclosure sale of the Property. Specifically, Trevarthen contends, without support, that Aurora Loan Services lacked authority—as either the mortgagee, mortgage servicer, or holder of the Note—to enforce the power of sale provision of

8

the Deed of Trust. Trevarthen appears to challenge the validity of the assignment of the Deed of Trust by MERS, and also cites to documents outside the record on appeal in an attempt to raise a dispute over the ownership of the Note. But Trevarthen overlooks the uncontroverted evidence establishing that Aurora Loan Services had authority to foreclose.

First, the summary judgment evidence establishes that Aurora Loan Services was the holder of the original Note indorsed in blank at the time of foreclosure.

Second, the summary judgment evidence conclusively establishes that Aurora Loan Services was assigned the Deed of Trust by MERS. With respect to this point, the only issue on appeal is a legal question: whether, under the terms of the Deed of Trust and the provisions of Texas law, such an assignment was legally effective. This is a settled point of law. Texas federal courts and state courts of appeal—including this Court—have consistently held that MERS has the authority to assign the right to foreclose. Accordingly, as a matter of law, Aurora Loan Services, as MERS's assignee, was authorized to foreclose on the property.

Third, the uncontroverted summary judgment evidence—including Trevarthen's repeated admissions—establishes that Aurora Loan Services was the mortgage servicer of the Loan at all relevant times. Accordingly, pursuant to chapter 51 of the Texas Property Code, Aurora Loan Services in its capacity as mortgage servicer was also authorized to conduct the nonjudicial foreclosure.

9

The Court should also affirm the district court's judgment because Trevarthen fails to negate all grounds upon which the district court could grant summary judgment. That, by itself, requires that the judgment be affirmed.

Because the judgment stands unrebutted, as demonstrated more fully below, it should be affirmed in its entirety.

**ARGUMENT**

**I.    The Uncontroverted Summary Judgment Evidence Conclusively Establishes Aurora Loan Services' Authority to Foreclose.**

All of Trevarthen's claims in the underlying lawsuit consist of a challenge to the right of Aurora Loan Services to enforce the power of sale provision in the Deed of Trust and nonjudicially foreclose on the Property. (CR:170-178.) Nationstar's motion for summary judgment established Aurora Loan Services had such authority and, therefore, all of Trevarthen's claims failed as a matter of law. (CR:331-346.) Thus, the district court properly granted Nationstar's motion for summary judgment and rendered judgment that Trevarthen take nothing. (CR:729-730.) As explained in greater detail below, the uncontroverted summary judgment evidence conclusively establishes that Aurora Loan Services had authority to nonjudicially foreclose, and this Court should affirm the trial court's judgment.

**A. Aurora Loan Services, as holder of the note, was authorized to conduct a nonjudicial foreclosure.**

To support her claim that Aurora Loan Services lacked authority to foreclose, Trevarthen asserts that "the Court must discern who owned the Note [at the time of foreclosure]." (Appellant's Br. at 16.) Even though enforcement of a deed of trust through nonjudicial foreclosure does not require a person to hold the note, *e.g.*, *Chance v. CitiMortgage, Inc.*, 395 S.W.3d 311, 314-15 (Tex. App.—Dallas 2013, pet. denied), the answer to that question is conclusively established by the summary judgment record—Aurora Loan Services held the original, indorsed-in-blank Note at the time of foreclosure. (CR:369.)

A "holder" is defined in the Texas Business and Commerce Code as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM. CODE § 1.201(b)(21)(A). When a note is indorsed in blank, it "becomes payable to bearer and may be negotiated by transfer of possession alone." *Id*. at § 3.205(b).

It is undisputed that Meridias Capital, Inc. was the original lender on the Note and Deed of Trust, and that Meridias Capital, Inc. executed an indorsement on the Note, leaving the payee name blank. (CR:372, 376, 437.) The uncontroverted summary judgment evidence establishes that Aurora Loan Services had possession of the original, indorsed-in-blank Note at the time of foreclosure.

11

(CR:369.) Thus, it is undisputed that Aurora Loan Services was the holder of the Note.

This undisputed fact is significant because the Deed of Trust defines the term "Lender" to include "any holder of the Note who is entitled to receive payments under the Note." (CR:437 ¶ C.) Accordingly, Aurora Loan Services was a "Lender" as defined by the Deed of Trust and, as such, had the authority to accelerate the debt, appoint a substitute trustee, and invoke the power of sale. (CR:448 ¶ 22.)

Trevarthen claims that there is a genuine issue of material fact concerning who held the Note at the time of foreclosure, but she does not cite to any supporting evidence in the record. (Appellant's Br. at 16.) Unsupported assertions are insufficient for relief on appeal. *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.). In any event, Trevarthen's unsupported contentions are untrue. Kristen Trompisz, as representative of Nationstar and a former employee of Aurora Loan Services, testified through her sworn declaration that Aurora Loan Services held the original, indorsed-in-blank Note at the time of foreclosure. (CR:369.)

The weakness in Trevarthen's argument is underscored by the lack of support in the record for the vast majority of "facts" concerning Aurora Loan Services' relationship to the Note and Deed of Trust as set forth in Trevarthen's

brief.  Notably, Trevarthen fails to acknowledge in her briefing that the trial court sustained Nationstar's objections to documents attached to her response to Nationstar's motion for summary judgment.  (CR:729.)  For the reasons stated in Nationstar's objections (CR:711-714), the trial court properly struck from the summary judgment record the unauthenticated documents Trevarthen relies on as primary support of the allegedly disputed facts.  (CR:729; *Cf.* Appellant's Br. at 5-8, 11-13.)  For example, Trevarthen's brief references other purported copies of the Note with an unsigned indorsement and an unattached allonge to the Note.[6] (Appellant's Br. at 12.)  However, the trial court properly struck those unauthenticated documents from the summary judgment record.  (CR:548-552, 647-648, 729.)  Trevarthen does not challenge the trial court's decision to sustain the objections to that "evidence."  Nor could she.  "Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence."  *Gudur v. Tex. Dept. of Health*, No. 03-03-00752-CV, 2005 WL 2673670, at *5 (Tex. App.—Austin 2005, no pet.) (mem. op.) (citing *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, writ denied)).  Stricken evidence is no evidence, and Trevarthen's

---

[6] Even if the other versions of the Note Trevarthen introduced were properly before the Court, those versions do not change the fact that the uncontroverted summary judgment evidence demonstrates that the original Note indorsed in blank was held by Aurora Loan Services at the time of foreclosure.  (CR:369.)

13

bare assertions of error provide no basis for relief on appeal. *See Liberty Mut.*, 150 S.W.3d at 648.

In short, even without taking the assignment of the Deed of Trust into account, as holder of the Note, the plain language of the Deed of Trust authorized Aurora Loan Services to nonjudicially foreclose on the Property. Under this basis, taken alone, this Court should affirm the judgment of the trial court.

**B.      Independent of its status as holder of the note, Aurora Loan Services, had authority to foreclose as assignee of the deed of trust.**

In addition to its status as holder of the Note indorsed in blank, Aurora Loan Services also had authority to conduct a nonjudicial foreclosure by virtue of the assignment of the Deed of Trust by MERS. (CR:468-69.) Here, again, Trevarthen's brief asserts without support that the summary judgment evidence failed to establish Aurora Loan Services's authority as the mortgagee of record. (*See* Appellant's Br. at 16.) Contrary to Trevarthen's bald assertions, the uncontroverted summary judgment evidence establishes Aurora Loan Services' capacity to foreclose as the mortgagee of record. As this Court has repeatedly recognized, the assignee of a deed of trust is entitled to enforce the deed of trust by foreclosure under Texas law. *E.g., Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at *8 (Tex. App.—Austin Nov. 27, 2013, pet. denied).

14

A "mortgagee" under Texas Property Code chapter 51 has the power to foreclose. *See* TEX. PROP. CODE §§ 51.002, 51.0025; *see also Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. H-12-1448, 2012 WL 3197918, at *6 (S.D. Tex. Aug. 2, 2012) ("Pursuant to § 51.0025 a 'mortgagee' . . . may conduct foreclosure proceedings.").[7] Section 51.0001(4) of the Texas Property Code defines the term "mortgagee" (the party entitled to foreclose) as follows:

(A)  the grantee, beneficiary, owner, or holder of a security instrument;

(B)  a book entry system [*i.e.*, MERS]; or

(C)  if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.

TEX. PROP. CODE § 51.0001(4). None of these categories is based on ownership or possession of the note. Instead, each relates to the "security interest"—the deed of trust. *See Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *4 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.) ("Nothing in these statutory references to foreclosure under a deed of trust mentions any requirement about the associated promissory note."). The Texas statutes governing foreclosure of real property authorize the assignee of a Deed of Trust to administer a foreclosure.

---

[7] Federal law is particularly persuasive in this type of case, as much home mortgage litigation in Texas is being tried in the federal courts. *See Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-11-00644-CV, 2012 WL 3793190, at *1 n.3 (Tex. App.—Austin Aug. 30, 2012, pet. denied).

The summary judgment evidence shows that MERS was named in the Deed of Trust as the beneficiary and the nominee for the lender and its successors and assigns. (CR:438-439.) In fact, the Deed of Trust expressly authorizes MERS to exercise "the right to foreclose and sell the property" in its capacity as nominee for the Lender and its assigns. (CR:439.) The Deed of Trust also identifies MERS in such capacity—*and the "successors and assigns of MERS"*—as the beneficiary of the Deed of Trust. (*Id.*) As this Court has recognized, "where, as here, a deed of trust expressly grants MERS the power of sale, then MERS has that power," and through the assignment, MERS's assignee "obtained all of MERS's rights and interests in the deed of trust (originating from the Lender . . . ), including the right to foreclose and sell the Property." *Bierwirth*, 2012 WL 3793190, at \*5 (internal citations and quotation marks omitted). Aurora Loan Services is unquestionably MERS's assign, and the assignment was undisputedly recorded in the Williamson County Property Records. (CR:468-469.) Thus, under Texas law, Aurora Loan Services was the statutory mortgagee entitled to nonjudicially foreclose on the Deed of Trust. *See* TEX. PROP. CODE § 51.0001; *Roper*, 2013 WL 6465637, at \*8; *Bierwirth*, 2012 WL 3793190, at \*5; *see also Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-12-00583-CV, 2014 WL 712520, at \*4 (Tex. App.—Austin Feb. 20, 2014, no pet.) ("When MERS executed the assignment to BAC, BAC obtained all of MERS's rights and interests in the deed of trust (originating from

16

the Lender, Countrywide), including the 'right to foreclose and sell the Property.'").

### C. Aurora Loan Services also had authority to foreclose as the mortgage servicer.

Aurora Loan Services also had authority to foreclose as the mortgage servicer. *See* TEX. PROP. CODE §§ 51.002, 51.0025. Here, again, contrary to Trevarthen's naked assertion that Aurora Loan Services was not a mortgage servicer, (*see* Appellant's Br. at 16), the uncontroverted summary judgment evidence conclusively establishes Aurora Loan Services served as the mortgage servicer at all relevant time periods.

Aurora Loan Services began servicing the Loan on March 1, 2007, and it continued to be the mortgage servicer through the June 7, 2011 foreclosure sale. (CR:369 at ¶¶ 8, 387, 396, 408, 420.) Notably, Trevarthen repeatedly acknowledged and agreed through her execution of three forbearance agreements that "Aurora Loan Services, LLC (Aurora Loan Services, "Lender") is the "servicing agent and/or the owner and holder of [the Note]." (CR:420; *see* CR:396, 408.) Trevarthen even admits through her declaration that she submitted payments to Aurora Loan Services. (CR:682.) Notwithstanding Trevarthen's assertions in her brief and citations to matters outside the record on appeal, the summary judgment evidence establishes there was no "chaos and confusion"

17

concerning Aurora Loan Services' status as the mortgage servicer for the Loan. (*Contra* Appellant's Br. at 11.)

As the mortgage servicer, Aurora Loan Services had authority to enforce the Deed of Trust and nonjudicially foreclose. *See Roper*, 2013 WL 6465637, at *13; *see also Gillespie v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-388-A, 2012 WL 1870923, at *8 (N.D. Tex. May 23, 2012) (dismissing claim that defendant "was not the mortgage servicer" as "not plausible" when plaintiff alleged he had made loan payments to defendant and had sought loan modification from defendant).

### D. Trevarthen's complaints concerning post-foreclosure activity have no bearing on Aurora Loan Services' authority to conduct the foreclosure sale.

Trevarthen's brief also appears to challenge Aurora Loan Services' authority to foreclose based on post-foreclosure activity concerning the loan. (*See* Appellant's Br. at 16-18.) This argument underscores the superficiality of Trevarthen's challenge to the district court's judgment because post-foreclosure servicing transfers have no bearing on the sole issue presented on appeal—whether Aurora Loan Services had authority to foreclose. This argument fails for two basic reasons.

First, Rule 38.1(i) of the Texas Rules of Appellate Procedure requires an appellant's brief to "contain a clear and concise argument for the contentions

18

made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Trevarthen's assertions regarding the post-foreclosure transfer of servicing rights to the Loan contains no citations to the record, and no meaningful citations to any legal authorities. (*See* Appellant's Br. at 17-18.) When, as here, a brief fails to comply with the requirements of Rule 38.1(i), a party waives the appellate points intended for the court's consideration. *Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 509 (Tex. App.—El Paso 2010, no pet.); *Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("[F]ailure to cite any authority to support a contention on appeal itself waives the contention.").

Second, even if the assertions concerning post-foreclosure servicing transfers were properly preserved for the Court to consider on appeal, allegations regarding post-foreclosure servicing transfers and Nationstar's acquisition of the servicing rights to the Loan have no bearing on the authority of Aurora Loan Services to conduct the June 7, 2011 foreclosure sale. For example, Trevarthen claims that the transfer of servicing rights after foreclosure "creates salient fact issues" that "indicate neither Aurora [Bank] FSB or [Aurora Loan Services] LLC nor Nationstar believed that there had been a foreclosure." (Appellant's Br. at 17-18.) But the post-foreclosure servicing transfers have absolutely no bearing on the validity of the sale, much less Aurora Loan Services' authority to conduct that sale.

19

Here, the substitute trustee's deed following foreclosure unequivocally demonstrates that the Property was sold at foreclosure to Aurora Loan Services, LLC.[8] (CR:471-474.)

Trevarthen's brief also attacks the trial court's judgment based on purported inaccurate statements in the declaration of Kristen Trompisz. (Appellant's Br. at 16.) Trevarthen compares statements in Ms. Trompisz's declaration in support of Nationstar's motion with statements from what appears to be a declaration made by Ms. Trompisz in another lawsuit. (*See id.*) This last-ditch argument cannot save her appeal for several reasons.

First, as explained above, Nationstar's acquisition of the servicing rights to Trevarthen's loan post-foreclosure has no bearing on the validity of the foreclosure sale or Aurora Loan Services' authority to conduct that sale. Consequently, even if Trevarthen had properly preserved a challenge to the trial court's failure to strike the contested provision from Ms. Trompisz's declaration, (CR:368 ¶ 3), the trial court still could have concluded from the business records attached to Ms. Trompisz's declaration and other competent evidence that Aurora Loan Services

---

[8] Trevarthen's brief also references an apparent typographical error in the substitute trustee's deed that states the original Note was "payable to the order of Mortgage Electronic Registration Systems, Inc., acting solely as Nominee for Nevada Corporation." (Appellant's Br. at 11.) But Trevarthen does not point to any authority indicating that this alleged error affects the validity of the foreclosure sale. Regardless of any purported error, the substitute trustee's deed unequivocally indicates that the foreclosure concerned the Deed of Trust, executed by Trevarthen and her spouse, signing pro forma to perfect the lien only, and recorded as "Instrument No. 2006113657." (CR:471.)

had authority to foreclose. *See Roper*, 2013 WL 6465637, at \*13. Thus, the trial court's failure to exclude the contested statement from Ms. Trompisz's declaration would not be harmful error. *See* Tex. R. App. P. 44.1(a).

Second, the unauthenticated document attached to Trevarthen's response that is purportedly the declaration of Ms. Trompisz from a different lawsuit was stricken from the summary judgment record by the district court. (CR:642-46, 729.) Stricken evidence is no evidence, and Trevarthen does not challenge this aspect of the trial court's judgment. *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex.1990) (per curiam) (recognizing the "well-established rule that grounds of error not asserted by points of error or argument in the court of appeals are waived"); *U.S. Fire Ins. Co. v. Lynd Co.*, 399 S.W.3d 206, 215 (Tex. App.—San Antonio 2012, pet. denied); *Young v. Gumfory*, 322 S.W.3d 731, 739 (Tex. App.—Dallas 2010, no pet.).

Third, even if that exhibit were properly part of the appellate record, there is simply no inconsistency of material fact between the two declarations of Ms. Trompisz. Through both declarations, Ms. Trompisz confirms that Nationstar acquired the servicing rights to Trevarthen's Loan. (CR:368, 644.)

## II. Trevarthen Failed to Meet Her Burden to Challenge All Grounds for Summary Judgment.

The Court should affirm the trial court's judgment because Trevarthen has failed to negate all grounds upon which the trial court could grant summary

judgment. As this Court has recognized, "[w]here an appellant from a summary judgment does not successfully attack every possible ground upon which the district court based its summary judgment, the summary judgment must be affirmed." *Grace v. Colorito*, 4 S.W.3d 765, 768 (Tex. App.—Austin 1999, pet. denied); *see also Lopez v. Texas Workers' Comp. Ins. Fund*, 11 S.W.3d 490, 493 (Tex. App.—Austin 2000, pet. denied) ("When there are multiple grounds that could support the district court's decision, we will affirm unless all grounds are disproved.").

In addition to presenting conclusive evidence to establish that Aurora Loan Services acted with proper authority, Nationstar's motion for summary judgment was based on multiple other grounds—both traditional and no evidence. (*See* CR:330-363.) This is the case for all claims asserted by Trevarthen, whether abandoned or not.

With respect to a breach of contract claim, Nationstar established that it complied with all notice requirements (CR:346-347, 360), any breach was excused by Trevarthen's prior material breach (CR:347), and Trevarthen did not sustain any damages as a result of any alleged breach of contract. (*Id.*) Trevarthen also presented no evidence to support any essential element of her breach of contract claim.

With respect to any wrongful foreclosure claim or the requested declaratory relief, Nationstar established that Trevarthen was not entitled to the relief requested because there was no evidence that she tendered the amount owed on the mortgage. (CR:356-358, 363.)

With respect to a "fraudulent lien claim" for alleged violations of chapter 12 of the Texas Civil Practice and Remedies Code, Nationstar established that the underlying lien was not fraudulent and none of the challenged documents were actionable under the statute (CR:348-349). Nationstar also asserted that there was no evidence that (1) a fraudulent lien or claim was made or used in conjunction with the foreclosure sale, (2) Nationstar made, presented, or used a fraudulent lien or claim with the intent that it be given the same legal effect as a valid lien or claim, or (3) that Nationstar made, presented, or used a fraudulent lien or claim with intent to cause Trevarthen injury. (CR:360.) In response, Trevarthen presented no evidence to support any essential element of her claim.

With respect to the violation of various provisions of the Texas Property Code and Texas Local Government Code, Nationstar asserted that Trevarthen lacked evidence that either the foreclosure sale was conducted in violation of any of those statutory provisions, and Trevarthen presented no competent summary judgment evidence in response. (CR:361-362.)

23

The trial court granted Nationstar's motion without specifying a particular ground. (CR:729-730.) Accordingly, even if Trevarthen could show that the judgment cannot stand on the single ground she challenges, her failure to also show that the judgment cannot stand on any other ground asserted in Nationstar's motion for summary judgment precludes any relief in this Court. *First Am. Title Ins. Co. v. Strayhorn*, 169 S.W.3d 298, 303 (Tex. App.—Austin 2005, no pet.). For this additional reason, the judgment should be affirmed. *See Grace*, 4 S.W.3d at 768; *Lopez*, 11 S.W.3d at 493.

## PRAYER

For these reasons, Nationstar prays that the trial court's take-nothing judgment be affirmed in its entirety. Nationstar also prays for any additional relief to which it may be entitled.

Respectfully submitted,

**LOCKE LORD LLP**

By:  */s/ Daron L. Janis*

B. David L. Foster
State Bar No. 24031555
dfoster@lockelord.com
John W. Ellis
State Bar No. 24078473
jellis@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 – Facsimile

Thomas G. Yoxall
State Bar No. 00785304
tyoxall@lockelord.com
Daron L. Janis
State Bar No. 24060015
djanis@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000
(214) 740-8800 – Facsimile

**COUNSEL FOR APPELLEE
NATIONSTAR MORTGAGE LLC**

25

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Brief of Appellee Nationstar Mortgage LLC contains 5,369 words (excluding the sections excepted under Texas Rule of Appellate Procedure 9.4(i)(1)).

/s/ Daron L. Janis
Daron L. Janis

## CERTIFICATE OF SERVICE

I certify that on June 19, 2015, I am electronically filing this document through the electronic filing service provider, efile.txcourts.gov (the "EFSP"). Based on the EFSP's records, the EFSP will transmit a Notification of Service to the following individual:

David Rogers
Law Office of David Rogers
1201 Spyglass Suite 100
Austin, Texas 78746
(Firm@DARogersLaw.com)
***Counsel for Appellant Clare Trevarthen***

/s/ Daron L. Janis
Daron L. Janis